A. J. BERGERON, Independent Executor of the Estate of Robert L. Roberts, Deceased, Appellant,

v.

W. R. SESSION, Receiver of the Robert L. Roberts Receivership, Appellee.

No. 21756.

Court of Civil Appeals of Texas, Dallas.

June 28, 1977.

Paul J. Chitwood, Chitwood, Riley & Snider, Inc., Dallas, for appellant.

W. R. Sessions, Sessions & Sessions, Dallas, for appellee.

GUITTARD, Chief Justice.

In this receivership proceeding an appeal has been perfected from an order allowing fees to the receiver and accountant. Our clerk has noted receipt of the record, but has declined to accept it for filing pending a determination of finality of the order. The appellant has moved for leave to file the appeal, and because of the importance of the question we requested briefs and oral argument. After consideration, we hold that the order is final for the purpose of appeal, and, accordingly, we direct the clerk to accept the record for filing.

The receiver was appointed in 1971 to take possession and control of the property of Robert Lee Roberts, who had mysteriously disappeared, leaving a large estate. The receiver proceeded to collect the assets and reinvest them, pay taxes and other expenses, and make reports to the court. From time to time he was allowed to pay himself advances on his fee. Meanwhile, the probate court declared Roberts to be dead, admitted his will to probate, and granted letters testamentary to the executor named in the will. In February 1977 the receiver filed a motion in the receivership proceeding alleging that the affairs of the estate could be adequately handled by the executor. The motion prayed for the allowance of reasonable fees for the receiver and his accountant and for "appropriate orders for the payment of fees and disposition of the assets in the receivership and in the registry of the court." In response to this motion the court held a hearing and rendered the order now in question. The order recites that expert testimony on the amount of the fees was heard and that a reasonable fee for the services of the receiver to the date of the order was $150,000, of

which he had already received $42,000, leaving a balance of $108,000. Likewise, the court found that a reasonable fee for the accountant was $75,000, of which $31,000 had been paid, leaving a balance of $44,000. The order directs the clerk to pay these balances immediately to the receiver and the accountant out of the funds in the registry of the court. The order does not terminate the receivership or settle the receiver's account. From this order the executor brings this appeal. The receiver takes the position that the order is interlocutory because it is not a final order in the receivership case.

■ We conclude that the order is final and appealable with respect to the fees for services to the date of the order, even though no order finally terminating the receivership and directing disposition of its assets has been rendered. We recognize the general rule that to be appealable a judgment must not only be final in its terms with respect to the issues decided, but must also dispose of all parties and issues, leaving nothing for further decision except as necessary for carrying the decree into effect. *Hargrove v. Insurance Investment Corp.,* 142 Tex. 111, 176 S.W.2d 744 (1944); *Linn v. Arambould,* 55 Tex. 611, 618, 625 (1881). This rule was long embodied in a statute, now carried forward in rule 301 of the Texas Rules of Civil Procedure, providing: "Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law." We have traced this rule back as far as Texas Revised Civil Statutes article 1337 (1879).

The "one final judgment" rule, however, has not been applied rigidly. Some of the opinions in this area have not even discussed it. In *McCreary v. Robinson,* 92 Tex. 408, 49 S.W. 212, 215 (1899), the supreme

court had before it a suit to establish plaintiff's rights to support and maintenance out of certain property under the terms of a will. The trial court ordered the defendants to pay to the plaintiff a monthly sum for his maintenance and support during the pendency of the suit. The supreme court held this order to be appealable although it did not finally dispose of the suit.[1] The *McCreary* decision was followed in *Kansas City Southern Railway v. Mauriceville Independent School District,* 383 S.W.2d 861, 863 (Tex.Civ.App.—Texarkana 1964, no writ), a tax suit, in which the railway company had paid into court the amount it conceded to be due, and the court ordered that amount paid out to the school district without prejudice to the rights and contentions of the parties. This order was held to be final and appealable.

In *Whatley v. King,* 151 Tex. 220, 249 S.W.2d 57 (1952), a suit for specific performance of a contract for sale of a ranch and certain personal property, the supreme court held appealable an order requiring the plaintiff to return to the defendant personal property seized under a writ of sequestration and replevied by plaintiff. The court said that the order was in effect a mandatory injunction and added that it "contain[ed] all the elements of finality so far as petitioner [plaintiff] is concerned." The opinion does not mention the "one final judgment" rule.[2]

Several Texas decisions dealing with receiverships support the executor's contention that an intermediate order of the present sort is appealable. In *Renn v. Samos,* 42 Tex. 104, 109 (1875), the supreme court held that an order passing on a receiver's final account and requiring him to pay a certain sum over to plaintiffs was final and appealable, although it did not dispose

---

1. The soundness of this decision may be questioned insofar as it relies for authority on cases from other states holding that orders for temporary alimony in divorce proceedings are final and appealable. Later decisions of the Texas courts of civil appeals have not regarded such orders as appealable. *Witt v. Witt,* 205 S.W.2d 612 (Tex.Civ.App.—Fort Worth 1947, no writ).

2. *Whatley* was interpreted in *Pilot Engineering Co. v. Robinson,* 470 S.W.2d 311 (Tex.Civ.App. —Waco 1971, no writ), as decided on the ground that the order in question was a "temporary mandatory injunction," which would be appealable under Tex.Rev.Civ.Stat.Ann. art. 4662 (Vernon 1952), but this interpretation is difficult to maintain in view of the language concerning "finality" in the *Whatley* opinion.

of the litigation between the plaintiffs and the defendants.[3] Likewise, in *Looney v. Doss,* 189 S.W.2d 207, 211 (Tex.Civ.App.—Fort Worth 1945, no writ), an order overruling a motion to terminate a receivership was held to be appealable. More nearly in point here is *Malone v. Johnson,* 45 Tex.Civ. App. 604, 101 S.W. 503, 505 (Dallas 1907, no writ), in which the receiver of a savings association was ordered to pay out to creditors certain funds in his hands. No appeal was taken from this order, but a later motion was filed to set it aside, alleging it to be interlocutory. The court held that the order was final, even though the suit was retained on the docket for the purpose of winding up the business of the receivership. Recognizing the "one final judgment" rule, and also the rule that no judgment can be final until all the issues are disposed of, the court held nevertheless that the order in question was final. Other decisions holding similar orders appealable, though not finally disposing of the litigation, include the following: *Gardner v. Gardner Park Amusement Co.,* 119 S.W.2d 1064, 1065 (Tex.Civ.App.—Dallas 1938, no writ) (order in receivership proceeding subordinating bondholder's claim to claims of other bondholders); *Ferguson v. Ferguson,* 84 S.W.2d 836, 840 (Tex.Civ.App.—Eastland 1935, writ dism'd w.o.j.) (order requiring receiver to deliver certain cotton and other property to a party); and cf. *Keystone Pipe & Supply Co. v. Liberty Refining Co.,* 260 S.W. 1018, 1022 (Tex.Com.App.1924, jdgmt adopted) (order approving master's report and determining priority of liens).

In *State v. Starley,* 413 S.W.2d 451, 464 (Tex.Civ.App.—Corpus Christi 1967, no writ), an elaborate decree determining the rights to water from the Rio Grande was held to be final notwithstanding an "open end" provision to the effect that the court retained jurisdiction to "enlarge or abrogate or modify from time to time any portion or feature of this decree." The court discussed the "one final judgment" rule and

observed that it has some exceptions, including "the case of receiverships . . . where the court must enforce its decree."

The only receivership case cited by the receiver here in support of his contention that the present order is interlocutory in *St. Louis Union Trust Co. v. Texas Southern Railway,* 59 Tex.Civ.App. 157, 126 S.W. 296, 305 (Texarkana 1910, error refused), in which an order for payment of monthly salaries to the receiver and his attorney was held not to be a final judgment, but to be subject to revision and modification on final disposition of the receivership. This decision seems to turn not on the "one final judgment" rule, but rather on whether the earlier order was intended to determine the full compensation for all the services performed by the receiver and the attorney. The court concluded that it was not so intended. The present order is different since, in our view, it cannot reasonably be interpreted as indicating an intention that it should be subject to revision and modification. On the contrary, it determines the amount of compensation to the receiver and attorney for all their services to the date of the order and credits against the fees allowed all amounts previously received for these services.

All the authorities cited to us are consistent with the existence of an exception to the "one final judgment" rule, although the scope of the exception has not been defined. The federal courts have been criticized for making that exception too broad and too vague, thus weakening the general policy of the law to require a final judgment and the development of a complete record for appellate review without the disruption, harassment, and expense of interlocutory appeals. Frank, "Requiem for the Final Judgment Rule," 45 Tex.L. Rev. 292, 317 (1966). We agree that the exception should be narrow, but conclude that the present case falls within it. A receivership is not like an ordinary lawsuit

---

3. We have been unable to determine whether the "one final judgment" statute was in effect at the time *Renn* was decided. However, *Renn* was cited with approval in *Keystone Pipe &*

*Supply Co. v. Liberty Refining Co.,* 260 S.W. 1018, 1020 (Tex.Com.App.1924, jdgmt adopted) without any comment concerning a change in the statute.

in which the issues may be drawn by the pleadings as soon as discovery is complete, and then promptly tried to a final judgment, which may then be enforced by execution. It is frequently an ongoing proceeding in which the rights of various parties are determined by orders of the court from time to time, and it is not finally terminated until all of the assets in the hands of the receiver are applied to payment of claims or delivered to the parties determined by the court to be entitled. It would be intolerable for all payments and deliveries of property to the receiver and by the receiver, as ordered by the court from time to time, to remain tentative and subject to final adjudication on settling the receiver's final account. It would also be intolerable if such intermediate orders should be considered conclusive and not subject to review until termination of the receivership. In this kind of proceeding, the policy behind the "one final judgment" rule does not apply.

The administration of a receivership is in many ways analogous to the administration of a decedent's estate. In such proceedings, the "one final judgment" rule has never been applied, probably because of a statute, now repealed, giving the right of appeal to "[a]ny person who may consider himself aggrieved by any decision, order, decree, or judgment of the county court." Tex.Rev.Civ.Stat. art. 3631 (1925). Under that statute the courts held that only final orders could be appealed, but that an order need not dispose of the entire proceeding if it disposes of the main controverted issue concerning which that part of the proceeding was brought. *Stevens v. Douglass,* 505 S.W.2d 532 (Tex.1974); *Kelley v. Barnhill,* 144 Tex. 14, 188 S.W.2d 385 (1945). The same test has been applied under the present Probate Code, which merely provides, "All final orders of any court exercising original probate jurisdiction shall be appealable." Tex.Prob.Code Ann. § 5(e); *Cherry v. Reed,* 512 S.W.2d 705, 706 (Tex. Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.). We conclude that the same rule applies to receivership proceedings under the authorities above discussed. Ac-

cordingly, we hold that the present order is appealable because it finally disposes of the main controverted issue concerning which the present proceeding was brought, namely, the amount of the fees to be awarded to the receiver and accountant for their services to the date of the order.

Accordingly, the clerk is directed to accept the record for filing as of the date of receipt. The time for filing briefs will begin from the date of this opinion.