THEATRES OF AMERICA, INC., et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 1169.

Court of Civil Appeals of Texas, Tyler.

Feb. 1, 1979.

Charles R. Burton, John L. Foster, Minton, Burton & Fitzgerald, Inc., Austin, Roger Jon Diamond, Hecht, Diamond & Greenfield, Pacific Palisades, Cal., for appellants.

David M. Kendall, First Asst. Atty. Gen., Sal Levatino, Austin, for appellee.

McKAY, Justice.

This is an appeal from certain orders of the trial court approving the final report of a receiver appointed by that court and taxing costs incident to the receivership.

On September 21, 1977, the State of Texas brought a proceeding by a petition and information in the nature of quo warranto against Theatres of America, Inc., a New Mexico corporation and appellant here, and Jay C. Battershell, Gene Battershell, Christine Battershell, and Robert Graham, individually and as officers and agents of said corporation (hereinafter referred to collectively as "defendants"), for a temporary restraining order and ultimately a permanent injunction to prevent defendants from conducting any business in this State without a proper Certificate of Authority and from disposing of any property of said corporation; to appoint a receiver to take charge of the affairs and property of the corporation and to maintain the status quo; to recover all fees, taxes, and other monies due the State, as well as costs of the receivership; and to foreclose the State's liens on the property of the appellant corporation. The petition alleged that defendants had done business in Texas as said appellant corporation without being legally incorporated in Texas and without first obtaining a Certificate of Authority to do business in Texas. The petition further alleged that defendants failed to pay franchise taxes due to the State and failed to deposit in trust with the Comptroller of Public Accounts the sum of $500.00 as required by Taxation-General Article 12.06, Tex.Rev. Civ.Stat.Ann., and by virtue of said failure defendants thereby became bound and obligated to pay certain penalties to the State as provided by Article 12.14. There was a further allegation of great and irreparable damage which would result to the general public and to the State unless the injunctive relief and receivership prayed for were granted, and that there was no adequate remedy at law. Moreover, the State claimed that defendants, unless such relief were granted, would continue to do business in Texas as a foreign corporation without a Certificate of Authority and would dissipate, secrete, conceal and remove from the jurisdiction of the court all of the assets, books and records of the appellant corporation.

The district court, after an ex parte hearing on the same day, issued an order temporarily restraining defendants and appointing a temporary receiver. After making findings in accordance with the allegations

of the petition, the court ordered that Phillip K. Maxwell, an Austin attorney, be appointed temporary receiver and directed him to take possession of all property, assets, books, and records of the appellant corporation; and granted to the receiver, as representative of the appellant corporation, all powers and authority necessary to preserve, protect and recover all funds, assets and property of the appellant corporation, and to file, prosecute and defend suits by or against the appellant corporation. The order further required a bond in the sum of $1,000.00 to be made by the receiver, conditioned upon the faithful performance of his duties.

The order further temporarily restrained the appellant, its directors, stockholders, officers, agents, employees, servants, representatives and attorneys from operating and conducting any business of the appellant corporation within the State of Texas without being legally incorporated in this State or being admitted under proper Certificate of Authority, and from disposing of, concealing or removing from the jurisdiction of the court or from the place of business of the corporation, any property of the corporation.

Defendants submitted two affidavits in opposition to the motion for a temporary injunction and a memorandum of points and authorities. The first affidavit, that of Robert Graham, stated that if there had been any error in connection with the operation of the business with respect to compliance with Texas civil taxing statutes and other requirements, it was inadvertent. The affidavit further stated that on the same day that the temporary restraining order and order appointing a temporary receiver was entered, officials of the Attorney General's office entered upon the premises of the Mini-Vue Theatre owned and operated by defendants, removed all personal property therefrom, ordered Graham out of the premises and prevented his re-entering them, and prevented the further operation of the business of appellant there. This, according to the affidavit, was accompanied by extensive news media coverage. The second affidavit by Linda Spreacker,

an employee of a firm of certified public accountants, stated that there was no attempt by the owners of the Mini-Vue Theatre to avoid paying any Texas State taxes or local taxes or any other fees required by law.

Following expiration of the temporary restraining order, the court below, upon a hearing at which all parties were represented, granted a temporary injunction as prayed for by the State, restraining appellants, its directors, stockholders, officers, agents, employees, servants, representatives and attorneys from conducting any business of appellant corporation within the State of Texas without a Certificate of Authority, and from disposing of or concealing from the court-appointed receiver any books, records, assets or other property of said appellant corporation located within the State of Texas. The court further ordered that the appointment of Phillip K. Maxwell as temporary receiver of appellant corporation be continued in full force and effect pending further orders of the court or until such time as appellant should deposit with the clerk of the court a bond in the amount of $50,000.00. Thereafter, defendants answered by a general denial.

Meanwhile, defendants had filed suit on September 29 in the United States District Court for the Western District of Texas, Austin Division, against the Texas Attorney General, the receiver and others. The next day, that court issued a temporary restraining order dissolving the receivership. The court found that the State's purpose in filing suit and having the receiver appointed was not solely to collect delinquent taxes, but that at least one of the motives of the State in pursuing its tax suit was to shut down the theatre because of the content of the films which state officials believed to be pornographic, thereby violating the First Amendment rights of defendants. The court stated,

"Whether it is constitutionally proper for the State to exercise its power to control pornography by the use of its tax laws is not before the Court at this time

. . .. However, the narrow point presented in the request for the temporary restraining order is whether the State, in an *ex parte* hearing, may appoint a receiver with the power to take over a business and seize its property in a case in which the motivations of the State clearly show that First Amendment rights are threatened. Moreover, the evidence shows that it was not impossible for the State to give the defendants in the state tax suit notice of their application for the appointment of a receiver and an opportunity to be heard prior to the state court's ruling on the application. This court is convinced that the Constitution of the United States does not countenance such procedures."

The court thereupon ordered that the receiver appointed by the court below immediately return all property taken by him from the Mini-Vue Theatre, restore defendants to said theatre, and in particular permit defendant Robert Graham to enter the theatre for the purpose of reopening and operating it and the associated bookstore. The receiver was further temporarily restrained from acting as a receiver in this case.

Thereafter a single judge of the United States Fifth Circuit stayed the U.S. district judge's order, but on further consideration by a panel of the Fifth Circuit Court of Appeals, the stay was vacated. The federal district judge then, after an evidentiary hearing on the motion in that court by defendants herein for a preliminary injunction, issued on October 28 his memorandum opinion and order to the same effect generally as the order issued which granted the temporary restraining order.

The evidence adduced at the hearing indicated, inter alia, that the office of the State Comptroller of Public Accounts, which normally referred possible forfeiture suits to the Taxation Division of the Attorney General for prosecution, did not do so here, and that defendants herein had been notified by the Comptroller's office that they had complied with the law, that they no longer needed a Certificate of Authority, and that they had paid all back taxes through September 30, 1976. Further, the suit was filed by the Organized Crime Division of the Attorney General, not by the Taxation Division, and was filed apparently pursuant to a phone call placed by Potter County law enforcement officials to State officials in Austin.

After a recitation of the evidence presented at the hearing, the Federal court stated,

"In view of the above facts, the Court is of the opinion that the State's purpose in filing the tax suit and having the receiver appointed was not solely to collect delinquent taxes and forfeitures. The State obviously sought to have the theater cease operations because of the content of the movies which the state officials felt were being shown in the theater. Thus it is clear that First Amendment rights are at issue here. Motion picture films clearly are protected by the First Amendment even if shown for commercial purposes. [Citations omitted.] This court is strongly of the opinion, as stated in open court, that the actions of the State in having the receiver appointed and in shutting down the Mini-Vue Theater and bookstore were done in bad faith and for the purpose of harassing Plaintiffs and suppressing their constitutionally-protected conduct.

". . . In the present case, Plaintiffs do not seek to have any actual levy or assessment of taxes enjoined; in fact the evidence shows that they have willingly paid any assessments which have been imposed to date . . .. Plaintiffs have sought at this stage merely to have the receiver enjoined from closing down their First Amendment enterprise, and the preliminary injunction ordered by the Court in no way prevents the State from levying, assessing, or collecting whatever taxes or penalties, if any, are properly owed to the State. The State has made no showing here that the removal of the receiver from the Mini-Vue Theater will jeopardize the collection of any taxes which may be assessed . . . .

". . . This Court has found motivations of bad faith and a desire to harass on the part of the State in the present case . . ..

". . . Plaintiffs herein easily have met their burden, they were engaged in activities protected by the First Amendment, and this Court has found that the nature of their conduct was a prime motivating factor in the State's appointment of the receiver to assume control of the theater. Plaintiffs having carried their burden, it became the State's burden to show by a preponderance of the evidence that the same course of action would have been taken irrespective of the improper motivation . . .. Certainly the State has not shown by a preponderance of the evidence that its receiver would have been appointed, or that the receiver would have seized Plaintiff's property and shut down the business, thus preventing the generation of revenues to pay any taxes that might be due, had it not been for the State's concern about the nature and content of Plaintiffs' merchandise."

The court then ordered that the motion for preliminary injunction be granted and further ordered that the receiver appointed by the trial court herein be preliminarily enjoined from acting as a receiver in this case or interfering in any way with the conduct of the Mini-Vue Theatre and bookstore in Amarillo.

Thereafter the receiver rendered his final report to the court below indicating, inter alia, that all property had been returned, that the costs of receivership were $4,656.71, and requesting, in view of the federal court proceedings, that he be discharged as receiver. Appellant filed objections to the final report of the receiver, praying for discharge of the receiver and disapproval of the costs of the receivership or, alternatively, the taxing of such costs against the State. The receiver responded to such objections, then supplemented his final report by adding $400.00 to the costs

of the receivership to compensate him for the additional time he spent in compiling such response. The trial court entered two orders, the first approving the final report and supplement thereto of the receiver and discharging the receiver, and the second ordering that all fees and expenses of the receivership incurred through October 28, 1977, be taxed as costs against appellant corporation and those after that date against the State. (October 28 was the date of the hearing in Federal Court on the preliminary injunction to restrain the receiver from acting further in that capacity. Of the costs indicated above, about $500.00 appears to have been incurred after October 28, 1977.) Theatres of America, Inc., alone appeals from these orders.

On May 25, 1978, the federal district court entered its memorandum opinion and order (1) declaring that the seizure and shutdown of the Mini-Vue Theatre were clearly unconstitutional as violative of the First Amendment to the U.S. Constitution, (2) permanently enjoining Maxwell from acting as a receiver or interfering in any way with the conduct of the theatre and bookstore, and (3) denying the prayer for monetary damages against the receiver, the State Attorney General and the Assistant Attorney General who prosecuted the case. The court stated in a footnote,

"The Court notes that some of the amounts sought as damages are amounts which a Texas state court has assessed as costs in favor of the receiver and against the theater owners in the underlying state suit. The parties have advised this court that the judgment in that state suit is now under appeal. It seems to us that the state court is indeed the proper place for the issues surrounding the disposition of these funds to be decided."

Judgment on the decision by the court was dated May 31, 1978. Significantly, appellees here have not appealed this order or judgment.

The principal suit by the State against Theatres of America, Inc., and its officers is still pending in the State district court.

Appellant predicates its appeal upon a single point of error complaining that the trial court erred in assessing the costs of the receivership against appellant because the order creating the receivership violated appellant's constitutional rights and was therefore void. Appellant refers to the rights guaranteed by the First and Fourteenth Amendments to the U.S. Constitution and Article I, sec. 8, of the Texas Constitution.

Appellant argues in its brief before this court that the State's real motive was to shut down a theatre which State officials believed to be exhibiting pornographic movies, rather than to collect taxes. The trial court, it claims, was without jurisdiction to enter an order which violates the U.S. and Texas Constitutions and therefore such order was void. Appellant further contends that the determination of the federal district court that the order creating the receivership violated the First Amendment is res judicata and binding on the trial court. Thus, the taxation of all costs of the receivership should be against the party who brought about this unconstitutional proceeding, and appellant prays that the orders appealed from be reversed and judgment be rendered that the costs of the receivership and this appeal be taxed against the State.

Appellees, the State of Texas and Maxwell (the receiver), argue in three counterpoints that the order of the trial court granting the temporary injunction and continuing the temporary receivership was valid, that said order was not appealable, and that the federal court order enjoining the receiver is interlocutory and is not res judicata on the issue of the validity of said State court order. Appellees further contend that appellant failed to appeal from the order appointing the receiver, thereby waiving its right to contest such appointment; that this appeal is an impermissible collateral attack in that it attempts to appeal from the order appointing the receiver, which is an "unappealed appealable order;" and that the receiver made proper application of the funds that came into his hands. Appellees pray that the trial court orders appealed from be affirmed.

■ The orders of the trial court approving the final report of the receiver, discharging the receiver, and taxing costs of the receivership are final and appealable. *Renn v. Samos*, 42 Tex. 104, 109 (1875); *Bergeron v. Session* [sic], 554 S.W.2d 771, 775 (Tex.Civ.App.-Dallas 1977, no writ); 49 Tex.Jur.2d Receivers sec. 168 at 207; see also *Bergeron v. Sessions*, 561 S.W.2d 551, 553 (Tex.Civ.App.-Dallas 1977, writ ref'd n. r. e.).

■ The remedy of receivership is an extraordinary one which must be cautiously applied. *Parness v. Parness*, 560 S.W.2d 181, 182 (Tex.Civ.App.-Dallas 1977, no writ); *McKellar v. Bracewell*, 473 S.W.2d 542, 546 (Tex.Civ.App.-Houston [1st Dist.] 1971, writ ref'd n. r. e.). The question of whether to appoint a receiver is addressed to the sound discretion of the court. *Washington American Life Insurance Co. v. State*, 545 S.W.2d 291, 294 (Tex.Civ.App.-Austin 1977, no writ). Similarly, where a receiver is appointed, taxation of costs of the receivership and the manner of their collection are matters entirely within the sound discretion of the trial court. *Manning v. Lesher*, 290 S.W.2d 538, 542 (Tex. Civ.App.-Galveston 1956, no writ); *Jones v. Strayhorn*, 159 Tex. 421, 321 S.W.2d 290, 294 (1959). Where the trial court is vested with discretionary power, its decision will not be disturbed unless an abuse of discretion is clearly shown, *Burnett v. Surratt*, 67 S.W.2d 1041, 1042 (Tex.Civ.App.-Dallas 1934, writ ref'd), and where the question for decision on appeal is whether there was an abuse of discretion by the trial court, the appellate court is not to substitute its judgment for that of the trial court but rather must decide whether the trial court's decision was arbitrary or unreasonable. *Laundry v. Travelers Insurance Co.*, 458 S.W.2d 649, 651 (Tex.1970); *Gibson v. Smith*, 511 S.W.2d 327, 329 (Tex.Civ.App.-Tyler 1974, no writ).

Although both parties make much of appellant's argument that the receivership was created in violation of the Constitutions of the United States and the State of Texas

and therefore was void ab initio, we do not find it necessary for purposes of this appeal to decide the question of the validity of the order appointing the receiver. Appellant does not purport to appeal from the order appointing the receiver and we do not construe this appeal as an appeal from that order. Neither does appellant contest the portion of the orders appealed from, which discharges the receiver. Concerning the portion of the orders which approves the final report of the receiver, appellant argues that certain costs claimed by the receiver, namely, those he incurred in contesting in federal court his removal as receiver, should not be allowed. In view of our disposition of the appeal from the order taxing costs of the receivership, we do not feel it necessary to reach this issue and we make no ruling thereon. The only question before us on this appeal from the orders approving the receiver's final report, discharging the receiver, and taxing the costs of the receivership, is whether the trial court abused its discretion in taxing said costs as it did. In order to decide this question, it is not necessary to declare the appointment of the receiver void. Rather, it is merely necessary to find such an abuse of discretion.

■ A final judgment of a federal court is conclusive in an action in a State court between the same parties and involving the same subject matter, even though the federal suit was commenced subsequent to the institution of suit in the State court. *Cook v. Burnley*, 45 Tex. 97, 111 (1876). There is no indication in the record before us that the May 25, 1978, order and the May 31, 1978, judgment of the federal district court have been appealed from, revoked, or set aside. On the contrary, they appear to finally determine the issues presented to that court. In determining whether a judgment rendered in federal court is res judicata with regard to an issue in state court, we are authorized to look to the opinion of the federal court to determine the basis upon which it was rendered. *Mayfield Co. v. Rushing*, 133 Tex. 120, 127 S.W.2d 185, 187 (Tex.Com.App.1939, opinion adopted).

In the instant case, the federal district court preliminarily enjoined the receiver from acting as a receiver herein and found that the State had acted in bad faith and pursuant to improper motives in bringing this action ostensibly to collect taxes and to impose a receivership on appellant's property, but actually to close down defendants' theatre due to the content of the movies shown and books sold, in violation of their First Amendment rights. The court below, subsequent to the entry of said federal preliminary injunction, taxed the costs of the receivership against the appellant. Although said injunction was an interlocutory action, it has subsequently been made a permanent injunction by final order from which the State has not appealed. Under the provisions of Rule 4 of the Federal Rules of Appellate Procedure, the time for filing notice of appeal from that order has expired.

■ Appellee contends that the federal district court lacked jurisdiction to entertain a suit concerning the validity of the receivership and should have abstained from decision on that issue. We find no merit in this contention. Appellee contested the jurisdiction of the federal district court in that court and the issue of jurisdiction was determined by that court adversely to appellee. Once a federal court has decided the question of its jurisdiction as a contested issue, a State court has no power to inquire again into such question, in absence of allegations of fraud. *Baker & Taylor Drilling Co. v. Amend*, 438 S.W.2d 144, 148 (Tex.Civ.App.-Amarillo 1969, writ ref'd n. r. e.).

■ Thus, we come to the question of whether the trial court abused its discretion in taxing the costs of the receivership against appellant. We hold that it did. The expenses of a receivership must come from the party whose wrongful act brought about the appointment of the receiver. *Houston Production Co. v. Taylor*, 33 S.W.2d 202, 204 (Tex.Civ.App.-Beaumont 1930, writ ref'd); *Delcambre v. Murphy*, 5 S.W.2d 789, 792 (Tex.Civ.App.-Dallas 1928, no writ); *Archer v. Ross*, 262 S.W.2d 213,

217 (Tex.Civ.App.-Fort Worth 1953, no writ); *Hammonds v. Hammonds*, 308 S.W.2d 895, 897 (Tex.Civ.App.-Amarillo 1957), reversed on other grounds, 158 Tex. 516, 313 S.W.2d 603 (1958). "When it is once decided that a trial judge exercising a 'discretionary' authority has but one course to follow and one way to decide then the discretionary power is effectually destroyed and the rule which purports to grant such power is effectively repealed." *Jones v. Strayhorn, supra* at 295. In view of the determination by the federal district court, a court of competent jurisdiction, that appellee acted wrongfully and upon improper motives in having the receiver appointed, the court below abused its discretion in taxing costs other than against the party which so wrongfully acted. Appellant's point of error is sustained.

Appellee has submitted to this court a Motion to Dismiss Appeal upon the alleged grounds that this appeal is moot and that it was not filed in good faith. The argument thereunder, however, indicates that the alleged lack of good faith concerned settlement negotiations and not the filing of this appeal. In any event, we find no merit in appellee's contentions and its motion is overruled.

The trial court having abused its discretion in taxing the costs of the receivership incurred prior to and including October 28, 1977, against appellant, that portion of the orders appealed from so taxing said costs is reversed and judgment is here rendered adjudging such costs against appellee the State of Texas. The remainder of the orders appealed from is affirmed. The orders of the trial court are accordingly affirmed in part and reversed and rendered in part.