IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00314-CV

 

Pacific Employers Insurance Company,

                                                                      Appellant

 v.

 

William Ira Mathison,

                                                                      Appellee

 

 

 



From the 87th District Court

Limestone County, Texas

Trial Court No. 26,920-B

 



Concurring Opinion










 

Chief Justice Gray implies, without
specifically saying, that our opinion is invalid because it was approved by
only two justices, but he has opined that Appellate Rule 41.1(a) requires that
all three justices of a three-justice court of appeals actually participate in
the decision of a case submitted without argument.[1] 
See Tex. R. App. P.
41.1(a).  Substantial authority refutes his interpretation.

First, it appears from the express wording of
the Rule that it does not apply to three-justice courts.[2] 
It begins “Unless a court of appeals with more than three justices . . . .”  Id.

Second, as I noted in an earlier case, requiring
all three justices to participate in such a decision is not a reasonable
interpretation of the Rule and is contrary to the Texas Constitution and the
Texas Government Code.  See Texas Parks & Wildlife Dept. v. E.E. Lowrey
Realty, Ltd., No. 10-02-00317-CV, 2004 WL 2481000, at *1-2 (Tex. App.—Waco
Nov. 10, 2004, pet. filed) (Vance, J., concurring).  Article V, section 6 of
the Texas Constitution provides: “The concurrence of a majority of the judges
sitting in a section [panel] is necessary to decide a case.”  Tex. Const. art. V, § 6.  Section
22.222(c) of the Texas Government Code provides: “A majority of a panel
constitutes a quorum for the transaction of business, and the concurrence of a
majority of a panel is necessary for a decision.”  Tex. Govt. Code Ann. § 22.222(c) (Vernon 2004). 
Court-adopted rules cannot be inconsistent with the constitution.  See
Starnes v. Holloway, 779 S.W.2d 86, 96 (Tex. App.—Dallas 1989, writ
denied).  "Of course, a statute controls over a procedural rule."  In
re Chu, 134 S.W.3d 459, 466 (Tex. App.—Waco 2004, orig. proceeding).

Third, Chief Justice Gray’s interpretation is
contrary to a prior decision of the Texas Supreme Court.  In Nalle v. City
of Austin, 85 Tex. 520, 22 S.W. 668 (1893), the Supreme Court observed:

Hence, if it should be held that a full bench is
necessary to make a quorum, the result would be, that in the event of the
absence of one of the judges by reason of sickness or from any other cause, the
business of the court would remain in suspense until the absent member should
be present.  Such a rule would be fraught with mischief, and would tend to
obstruct the accomplishment of the very purpose for which the Courts of Civil
Appeals were created.

 

Id. at 671.  The Court proceeded, “if two be a
quorum, and two be qualified and able to agree, no additional judge is
requisite to a decision of the case, although the third member of the court be
recused.”  Id.  And finally, “[w]e conclude, therefore, that the
disqualification of Judge Key did not make requisite the appointment of a
special judge, and that the court composed of his two associates constituted a
lawful tribunal for the trial and determination of the case.”  Id. at 672.

  More recent precedent also rejects
such an interpretation.  See Hoyt v. Hoyt, 351 S.W.2d 111, 114 (Tex.
Civ. App.—Dallas 1961, writ dism’d w.o.j.).  After noting that Associate
Justice Williams chose not to participate in the decision because he had been
the trial judge (although not legally disqualified), the majority in Hoyt
said that even the disqualification of one member does not prevent the other
members from lawfully proceeding.  Id. (citing Nalle).  In Dickinson
State Bank v. Ogden, a judgment was held valid when one member of a panel
had been elected to the Supreme Court after the case was submitted on oral
argument and the case was then decided by the remaining panel members.  Dickinson
State Bank v. Ogden, 624 S.W.2d 214, 222 (Tex. Civ. App.—Houston [1st
Dist.] 1981), rev’d on other grounds, 662 S.W.2d 330 (Tex. 1984) (on
rehearing).

Furthermore, such an interpretation
creates an absurd result by giving one member of the court a virtual veto over
any opinion in an unargued case with which that member does not agree.  As long
as the “dissenting” member is not disqualified or recused and remains on the
panel, no opinion could issue.[3] 
The suggested interpretation of the Rule is “fraught with mischief.”  Nalle,
22 S.W. at 671.

Because we can reasonably construe Rule 41.1(a)
so that it does not conflict with the constitution or the statute, we should do
so.  See Collins v. Ison-Newsome, 73 S.W.3d 178, 184 (Tex. 2001)
(Jefferson, J. concurring) (“When a procedural rule conflicts with a statute,
the statute controls unless the rule repeals the statute under Texas Government
Code section 22.004.”) (citing Johnstone v. State, 22 S.W.3d 408, 409 (Tex. 2000)).  A reasonable construction of the rule, if it even applies, is that two justices
on a three-member court of appeals may decide a case submitted without argument
when the third justice voluntarily elects not to participate in the decision.

Chief
Justice Gray decided to not join (or not disagree with) the opinion issued in
this case.  He is not disqualified; he has not recused himself.  Thus, he
remains a member of the panel assigned to the case.  The decision reflected by
the “Special Note” is his alone.  In deciding to not vote in this case, he has
chosen to disregard his own interpretation of Rule 41.1(a) and to allow this
case to be decided by two justices.  What, then, is the real reason for not
participating?

The answer appears to lie in his attack on the
timing of the issuance of the opinion, saying he should have more time “to
review and vote on the result in the case.”  This is essentially the same
complaint made in a “Special Note” filed in Krumnow v. Krumnow, an
accelerated appeal that was submitted on oral argument.  Krumnow v. Krumnow,
No. 10-04-00143-CV, 2005 WL 2044854, at *7 (Tex. App.—Waco Aug. 24, 2005, no
pet. h.) (Gray, C.J., Special Note filed Aug. 31, 2005).  It has become a
pattern.[4]

Internal Administrative Rules govern both the
administrative and adjudicative functions of this court.  Under those Rules, a
majority of the elected justices (Chief Justice Gray voting “no”) has adopted
rather detailed internal rules and deadlines for opinions, non-dispositive
orders, and opinions on rehearing in civil and criminal cases and for opinions
after the filing of a petition for discretionary review in criminal cases.[5] 
In a case like this, each reviewing (non-authoring) justice has fourteen days
to join an opinion or indicate the intent to file a dissenting or concurring
opinion.  If the fourteen-day period passes without either having occurred,
that reviewing justice is deemed to have approved the draft opinion.  If the
intent to dissent or concur is noted, an additional twenty-one days is allowed
to draft an opinion.

The deadline rules were followed in this case. 
It thus appears that the strategy is to avoid the consequences of the court’s
deadlines for the approval of opinions by invoking Rule 41.1(a) in an attempt
to gain a veto over the issuance of any opinion with which he does not agree.

 

  

                                                            BILL
VANCE

                                                            Justice

 

Concurring
opinion delivered and filed October 26, 2005

 









    [1]       A
dissent to an order in Texas Parks and Wildlife v. E.E. Lowrey Realty, Ltd.
says that an opinion issued by two justices is “a direct violation of Rule of
Appellate Procedure 44.1(a).”  Texas Parks & Wildlife Dept. v. E.E.
Lowrey Realty, Ltd., No. 10-02-00317-CV, 2004 WL 2481000, *1 (Tex. App.—Waco Nov. 3, 2004) (order) (Gray, C.J., dissenting) (not designated for publication).





    [2]       Because
there are four other three-justice courts (Texarkana, El Paso, Tyler, and Eastland), this issue could arise in them as well.





    [3]       Appellate
Rule 41.1(c) provides that, after argument, if for any reason a member of the
panel cannot participate in deciding a case, the case may be decided by the two
remaining justices.  See Tex. R.
App. P. 41.1(c).  There appears to be no reason to allow two justices to
decide an argued case but require all justices to participate in the decision
in an unargued case.

 





    [4]       The
same decision to not vote or participate is reflected in a Special Note filed
in Park v. Montgomery County, No. 10-04-00231-CV, 2005 WL 2667488, at
*3-4 (Tex. App.—Waco Oct. 19, 2005) (C.J. Gray Special Note).

 





    [5]       According
to an informal survey that we conducted, the Texas Supreme Court and approximately
half of the fourteen courts of appeals have some kind of internal deadlines for
the approval of opinions.








b. Code
Ann. § 5(g) (Vernon Supp. 2004).


 The Supreme Court has established the following test for
determining whether a particular probate order is appealable under this statute:
If there is an express statute, such as the one for the complete heirship judgment,
declaring the phase of the probate proceedings to be final and appealable, that statute
controls. Otherwise, if there is a proceeding of which the order in question may
logically be considered a part, but one or more pleadings also part of that proceeding
raise issues or parties not disposed of, then the probate order is interlocutory.

Crowson, 897 S.W.2d at 783; see also Logan v. McDaniel, 21 S.W.3d 683, 688-89 (Tex.
App.—Austin 2000, pet. denied) (order at issue was appealable because it “concluded a
discrete phase of the guardianship proceeding”).
      We will apply this reasoning to termination proceedings, which also can involve multiple
parties whose rights may be finally affected by separate orders and issues (e.g.,
conservatorship) that survive such orders. In our view, section 263.405(a) of the Family Code
is an “express statute” which makes a termination decree appealable notwithstanding the
presence of other parties or claims in the suit which may await resolution at a later time. Cf.
Crowson, 897 S.W.2d at 783.
RECEIVERSHIP PROCEEDINGS
      The Dallas Court of Civil Appeals gave the following reasons for excluding receivership
proceedings from the one final judgment rule:
A receivership is not like an ordinary lawsuit in which the issues may be drawn by the
pleadings as soon as discovery is complete, and then promptly tried to a final
judgment, which may then be enforced by execution. It is frequently an ongoing
proceeding in which the rights of various parties are determined by orders of the court
from time to time, and it is not finally terminated until all of the assets in the hands of
the receiver are applied to payment of claims or delivered to the parties determined by
the court to be entitled. It would be intolerable for all payments and deliveries of
property to the receiver and by the receiver, as ordered by the court from time to
time, to remain tentative and subject to final adjudication on settling the receiver's
final account. It would also be intolerable if such intermediate orders should be
considered conclusive and not subject to review until termination of the receivership. 
In this kind of proceeding, the policy behind the “one final judgment” rule does not
apply.

Bergeron v. Session, 554 S.W.2d 771, 774-75 (Tex. Civ. App.—Dallas 1977, no writ); accord
Hutson v. FDIC, 800 S.W.2d 845, 848 (Tex. 1990) (“The same standards [for appeal of an
order rendered in a probate proceeding] apply to orders rendered during a receivership
proceeding.”); Chase Manhattan Bank, 52 S.W.3d at 878 (order denying motion to release
property from receivership was appealable because it “resolve[d] a discrete issue in the
receivership”); Wittner v. Scanlan, 959 S.W.2d 640, 642 (Tex. App.—Houston [1st Dist.]
1995, writ denied) (order granting only part of attorney’s fees requested by administrator of
estate appealable).
      These observations apply with equal if not greater force to termination decrees in suits
instituted by DPRS. The legislature has “fast-tracked” appeals of such decrees. See Tex.
Fam. Code Ann. §§ 109.002(a), 263.405(a). In addition, the Legislature has expressly
prohibited a direct or collateral challenge to such decrees “after the sixth month after the date
the order was signed.” Id. § 161.211(a). If the court terminates parental rights and appoints 
DPRS as managing conservator, the suit nevertheless is an “ongoing proceeding” in that the
trial court “shall conduct a placement review hearing at least once every six months until the
date the child is adopted or the child becomes an adult.” Tex. Fam. Code Ann. § 263.501(b)
(Vernon 2002); cf. Bergeron, 554 S.W.2d at 774.
      As did the court in Bergeron, we conclude that “the policy behind the ‘one final judgment’
rule does not apply” in termination suits instituted by DPRS. Cf. Bergeron, 554 S.W.2d at
775.
PARTITION SUITS
      As stated, a partition suit also leads to multiple appealable judgments. However, a
partition suit cannot be characterized as an “ongoing proceeding” in the same manner as
probate and receivership proceedings (and as we hold today, termination proceedings) are. Cf.
Wittner, 959 S.W.2d at 642; Bergeron, 554 S.W.2d at 775. Rather, a partition suit results in
two discrete, appealable judgments. See Campbell, 3 S.W.3d at 258. Accordingly, the
common law regarding partition suits bears little if any applicability to the present suit beyond
recognizing that not every legal proceeding is subject to the one final judgment rule.
SUMMARY
      For the foregoing reasons, we hold that a “final order” as defined by section 263.401(d) is
appealable regardless of whether the order adjudicates the rights of all parties to the proceeding
or all pending claims. The January 24 “interlocutory final order” constitutes a “final order”
under section 263.401(d)(4) and is thus an appealable decree.
SMITH’S APPEAL IS UNTIMELY
      The appeal of a termination order is accelerated by statute. Tex. Fam. Code Ann. §§
109.002(a), 263.405(a). Thus, Smith’s notice of appeal was due twenty days after the signing
of the order. Tex. R. App. P. 26.1(b). However, Smith filed her notice of appeal eighty-six
days after the signing of the order. Smith’s motion for new trial did not alter the deadline for
the filing of her notice of appeal. See Tex. Fam. Code Ann. § 263.405(c) (Vernon 2002);
Tex. R. App. P. 28.1.
      Nevertheless, an appellant may request an extension of time to file a notice of appeal by
filing a motion for an extension within fifteen days after the notice of appeal is due. Tex. R.
App. P. 26.3. Smith has filed a motion for extension of time to file the notice of appeal, but
she did so ninety-one days after the notice of appeal was due. Thus, her extension request is
also untimely, and we deny it.
      The Clerk of this Court notified the parties that the notice of appeal is untimely and that
the appeal would be dismissed for want of jurisdiction if a response showing grounds for
continuing the appeal was not filed within ten days. Smith filed her extension motion and a
supplemental response asking this Court to retain her appeal on its docket because: (1) counsel
was unaware of the 2001 amendments making these appeals accelerated; (2) the appellate rules
“should be construed reasonabl[y] and liberally so that the right of appeal is not lost by
imposing requirements not absolutely necessary to effect the purpose of the rule”; and (3)
counsel’s failure to timely file the notice of appeal constitutes a denial of effective assistance of
counsel. 
 

      While the Court is sympathetic to Smith’s plight, none of these contentions states a valid,
legal basis for this Court to exercise jurisdiction. Accordingly, the appeal is dismissed for
want of jurisdiction.


 See id. 42.3(a).
 
                                                                   BILL VANCE
                                                                   Justice
Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
      (Chief Justice Gray dissents without separate opinion)
Appeal dismissed
Opinion delivered and filed July 21, 2004
[CV06]