**Opinion issued December 22, 2020**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

## NO. 01-19-00622-CV

———————————

## SEAN ROBERTS, Appellant

## V.

## ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO & FRIEND, AND SETH KRETZER, RECEIVER, Appellees

---

### On Appeal from the 215th District Court
### Harris County, Texas
### Trial Court Case No. 2012-64419

---

## MEMORANDUM OPINION

Appellant Sean Roberts challenges the trial court's award of receivership fees

to appellees Abraham, Watkins, Nichols, Sorrels, Agosto & Friend (Abraham

Watkins) and Seth Krezter, Receiver. In his sole issue on appeal, Roberts argues that

the trial court abused its discretion in rendering an order requiring him to pay $28,200 to Abraham Watkins and the receiver. We affirm.

## Background

Roberts is a former partner of appellee Abraham Watkins. A dispute arose after Roberts left the partnership and Abraham Watkins filed suit against Roberts. That litigation resulted in the trial court's November 1, 2013 final judgment, requiring Roberts to pay Abraham Watkins $60,283.36 plus $3,500 in attorney's fees, with 8% interest until Roberts paid the judgment in full.[1]

Several years passed during which Roberts did not pay the judgment despite having assets that would have satisfied the judgment debt. Accordingly, in 2019, Abraham Watkins sought appointment of a receiver. The trial court appointed real party in interest Seth Kretzer as receiver on March 18, 2019. In the order appointing Kretzer as receiver, the trial court also ordered Roberts to turn over certain financial documents and records. The trial court ordered Roberts to pay $800 in reasonable and necessary legal fees to Abraham Watkins for fees it incurred in pursuing the motion to appoint a receiver, $650 of which was to be paid to the receiver. The trial

---

[1] Roberts refers to this as an "agreed judgment," but the language in the judgment itself does not support his assertion. The final judgment, rendered November 1, 2013, states on its face that it was rendered in response to Abraham Watkins's "Motion to Vacate Order Granting New Trial and to Reinstate Default Judgment." The trial court found that Roberts "has failed to fulfill the conditions set forth in the trial court's Order of June 3, 2013 conditionally setting aside the Court's March 4, 2013 default judgment and granting a new trial." The trial court thus rendered judgment in favor of Abraham Watkins as set out above.

court also stated in its order that the receiver's fee was 25% "of all gross proceeds that came into the receiver's possession, not to exceed 25% of the balance due on the judgment, plus any out-of-pocket expenses incurred by the Receiver in his scope as a receiver in this case," and the trial court made an affirmative finding that this was "a fair, reasonable and necessary fee for the Receiver." Finally, the trial court found that "[a]ll Receiver's fees will be taxed as costs against the Defendant [Roberts]."

On March 30, 2019, Kretzer sent a letter to various financial institutions stating that he had been appointed receiver and requesting the freezing of all accounts and other property held by those institutions up to the amount of $100,000. Kretzer also advised Roberts of the trial court's order appointing him as receiver and of his intent to freeze Roberts's bank accounts. Kretzer sent a letter to Roberts informing him that the "current balance of the judgment, with all interest, receivership fees, and expenses is $144,177.97," and Kretzer identified various categories of financial information that Roberts was required to turn over to Krezter pursuant to the trial court's March 18, 2019 order appointing the receiver.

Roberts did not provide any information to Kretzer. On May 6, 2019, Kretzer moved to compel Roberts to turn over the property and records identified in the trial court's March 18, 2019 order appointing him as receiver. Kretzer alleged in the motion to compel that, although Roberts's counsel stated that Roberts "desire[d] to

resolve this matter as quickly as possible," Roberts had not made any payments or produced any documents. Kretzer thus requested that the trial court compel Roberts to produce the financial records and assets specified in the receivership order.

The trial court never ruled on Kretzer's motion to compel because, on that same day, Roberts paid the judgment plus interest. He provided a cashier's check directly to Abraham Watkins for $107,473.48.[2] Roberts then filed a motion to close the receivership on May 15, 2019. He asserted that he had paid the November 1, 2013 judgment in full directly to Abraham Watkins and requested that the trial court close the receivership. He then asked that the trial court "[to] reconsider the Receivership costs and expenses in this matter, as the judgment has been satisfied within the first 60 days of the receivership estate's existence." He also asked the trial court to issue an order awarding the receiver "his reasonable hourly fees for the work he has completed toward collecting the judgment."

Following a hearing[3] on July 12, 2019, the trial court entered an order requiring Roberts to pay Kretzer $650 plus $26,750 for reasonable and necessary

---

[2]     It appears that Abraham Watkins subsequently turned the money over to the receiver.

[3]     There is no transcript of this hearing. In a later hearing held on December 5, 2019, addressing, in part, Kretzer's motion to compel Roberts's compliance with the order appointing the receiver, the parties acknowledged that a hearing on the issue of receiver's fees was held in July 2019 and that Roberts's attorney appeared at the hearing and argued that Roberts should not have to pay the receiver's fee.

4

receivership fees and expenses (the July 12 order). The trial court also ordered Roberts to pay Abraham Watkins $800. Thus, the July 12 order required Roberts to pay a total of $28,200. The July 12 order further ordered Kretzer, "within ten days of receipt of the payments ordered herein and notice that the payments ordered herein have been made to [Abraham Watkins], [to] submit a final accounting with the Court along with his application to close the receivership and proposed order."

On August 1, 2019, Roberts moved the trial court to reconsider the July 12 order, arguing that, "prior to a final accounting and discharge of the receiver, only a partial advance toward a final fee may be made because the reasonableness of the fee is measured in light of the value of the receiver's work." Roberts further asserted that "[t]here was no evidence presented of what would constitute a fair, reasonable, or necessary fee." It does not appear that the trial court ruled on this motion. On August 10, 2019, Roberts filed a notice of appeal challenging the July 12, 2019 order, resulting in this appeal.[4]

---

[4] After the notice of appeal was filed in this case, the parties continued to litigate in the trial court. On October 20, 2019, Kretzer filed an application for a charging order, seeking to satisfy the award of his fees from Roberts's membership interest in his business partnerships. On December 6, 2019, the trial court declined to enter a charging order, but ordered Roberts to deposit $28,200—the amount that Roberts was ordered to pay in the July 12, 2019 order—into the court's registry. This resulted in a mandamus proceeding in this Court, in which we determined that the trial court was required to allow Roberts to supersede the July 12, 2019 order. *See In re Roberts*, No. 01-20-00370-CV, 2020 WL 5415242, at *2–3 (Tex. App.—Houston [1st Dist.] Sept. 10, 2020, orig. proceeding).

**Jurisdiction**

As a preliminary matter, Kretzer argues in a motion to dismiss and in his appellant's brief that this appeal must be dismissed for lack of jurisdiction. Kretzer argues that the July 12 order is not a final appealable order.[5]

Generally, appellate courts have jurisdiction only over appeals from "final judgments" and certain appealable interlocutory orders. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001); *see also, e.g.*, TEX. CIV. PRAC. & REM. CODE § 51.014(a)(1) (authorizing interlocutory appeal from order appointing receiver). "We also have jurisdiction over a trial court order 'that resolves a discrete issue in connection with any receivership.'" *Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 385 (Tex. App.—Austin 2010, pet. denied) (quoting *Huston v. Federal Deposit Ins. Corp.*, 800 S.W.2d 845, 847 (Tex. 1990)); *see also Hill v. Hill*, 460 S.W.3d 751, 763 (Tex. App.—Dallas 2015, pet. denied) ("[D]iscrete orders in receivership proceedings are an exception to the one-final-judgment rule.").

---

[5]    Kretzer further argues that, because Roberts failed to appeal the 2013 final judgment and the March 2019 order appointing Kretzer as receiver, Roberts cannot now complain about those orders. Roberts, however, is not asserting a challenge to either the final judgment or the order appointing Kretzer as receiver. His notice of appeal listed only the July 12, 2019 order, and that is the only order he addresses in his briefing on appeal.

In *Huston*, the supreme court drew a parallel between determining the appealability of orders relating to receivership proceedings and orders in the probate context:

> A probate order or judgment is final if it conclusively disposes of and is decisive of the issue or controverted question for which that particular part of the proceeding was brought, even if the decision does not fully and finally dispose of the entire probate proceeding. A probate order is appealable if it finally adjudicates a substantial right, whereas if it merely leads to further hearings on the issue, it is interlocutory. The same standards apply to orders rendered during a receivership proceeding.

800 S.W.2d at 848 (internal citations omitted). The court held that "a trial court's order that resolves a discrete issue in connection with any receivership has the same force and effect as any other final adjudication of a court, and thus, is appealable" and justified its departure from the one-final-judgment rule because "[t]here must be some finality to orders which dispose of discrete issues or controverted questions by which the parties are going to be bound." *Id.* at 847–48; *see also Bergeron v. Session*, 554 S.W.2d 771, 773 (Tex. App.—Dallas 1977) (op. directing clerk to accept appeal) (holding that order allowing fees to receiver was "final and appealable with respect to the fees for services to the date of the order, even though no order finally terminating the receivership and directing disposition of its assets had been rendered"), *appeal decided by* 561 S.W.2d 551 (Tex. App.—Dallas 1977, writ ref'd n.r.e.).

Roberts acknowledges that he did not file a timely notice of appeal to challenge either the November 1, 2013 final judgment or the March 18, 2019 order appointing Kretzer as the receiver. He argues, however, that this Court has jurisdiction to review the July 12, 2019 order requiring him to pay receiver's fees, and we agree. In its July 12 order, the trial court resolved a discrete issue in connection with the receivership, namely, the amount of receiver's fees that Roberts owed as of that date. *See Huston*, 800 S.W.2d at 847–48; *Bergeron*, 554 S.W.2d at 773.

In arguing that this Court lacks jurisdiction over this appeal, Kretzer asserts that Roberts has "created a palpable contradiction: he keeps litigating the order in the trial court," noting that several motions remain pending in the trial court. Receivership proceedings, however, are "not like an ordinary lawsuit in which the issues may be drawn by the pleadings as soon as discovery is complete, and then promptly tried to a final judgment, which may then be enforced by execution." *Bergeron*, 553 S.W.2d at 774–75.

> [A receivership] is frequently an ongoing proceeding in which the rights of various parties are determined by orders of the court from time to time, and it is not finally terminated until all of the assets in the hands of the receiver are applied to payment of claims or delivered to the parties determined by the court to be entitled. It would be intolerable for all payments and deliveries of property to the receiver and by the receiver, as ordered by the court from time to time, to remain tentative and subject to final adjudication on settling the receiver's final account. It would also be intolerable if such intermediate orders should be considered conclusive and not subject to review until termination of the

receivership. In this kind of proceeding, the policy behind the "one final judgment" rule does not apply.

*Id.* at 775. Thus, the fact that the matter remains pending and that other motions have been filed in the trial court does not preclude this Court from exercising jurisdiction to review the discrete issue resolved in the July 12 order. *See Huston*, 800 S.W.2d at 847–48.

Krezter further argues that the July 12 order "merely reduced the amount" of receiver's fees to writing after the trial court's March 18, 2019 ruling. Roberts did not challenge the March 18, 2019 order appointing Kretzer as receiver and providing that the receiver's fee was 25% "of all gross proceeds that came into the receiver's possession, not to exceed 25% of the balance due on the judgment, plus any out-of-pocket expenses incurred by the Receiver in his scope as a receiver in this case." The March 18, 2019 order appointing a receiver, thus, provided a calculation for determining the receiver's fees but did not itself award actual compensation. The amount of receiver's fees could not have been determined at the time of the March 18, 2019 order; rather, the trial court could only determine what amount of fees were due after identifying the amount of "all gross proceeds that came into the receiver's possession" in satisfaction of Abraham Watkins's final judgment. The July 12 order thus resolved the discrete issue of the amount of compensation due to the receiver after Roberts made a payment toward satisfaction of his judgment debt.

We conclude that we have jurisdiction to review the trial court's July 12 order. We overrule Kretzer's arguments on this ground and deny the pending motion to dismiss for want of jurisdiction.

**Award of Fees**

In his sole issue, Roberts argues that the trial court abused its discretion in ordering him to pay the "final" receiver fees of 25% of the receivership estate, or $28,200, because it amounted to "thousands of dollars per hour in receiver fees" and was ordered "without any evidence submitted by the receiver or any fact-finding by the trial court to determine reasonableness or necessity of the value of the receiver's services, even though it was not disputed the receiver performed very little work."

A receiver's fees and expenses "are considered court costs and are governed by rules regarding the award of costs." *Hill*, 460 S.W.3d at 767 (rejecting argument that trial court had no legal basis to assess 100% of receiver's postjudgment fees against single party and that doing so amounted to impermissible sanction); *see* TEX. R. CIV. P. 131, 141. Those rules provide that the trial court is responsible for adjudicating which party or parties will pay costs. *Diggs v. VSM Fin., L.L.C.*, 482 S.W.3d 672, 674 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *see also* TEX. CIV. PRAC. & REM. CODE § 64.004 ("Unless inconsistent with this chapter or other general law, the rules of equity govern all matters relating to the appointment, powers, duties, and liabilities of a receiver and to the powers of a court regarding a

10

receiver."). "[W]here a receiver is appointed, taxation of costs of the receivership and the manner of their collection are matters entirely within the sound discretion of the trial court." *Hill*, 460 S.W.3d at 767 (quoting *Theatres of Am., Inc. v. State*, 577 S.W.2d 542, 547 (Tex. App.—Tyler 1979, no writ)).

Roberts argues that the trial court abused its discretion by awarding Kretzer "final" fees despite the fact that Kretzer has not made a final accounting. Roberts further argues that, despite his payment of approximately $107,000 to Abraham Watkins, Kretzer "opposed the closure of the receivership estate claiming to be owed an additional 25 percent of the amount paid to the judgment debtor by Roberts as reasonable and necessary receiver fees." But Roberts's arguments that this was a "final" award of fees and that he "fully satisfied" the November 1, 2013 judgment are not supported by the record. Nothing in the trial court's July 12 order indicates that it was making a final determination regarding the receivership, and, in fact, the trial court expressly stated in its order that a final accounting was still required. Rather, the amount of receiver's fees awarded in the July 12 was calculated as provided in the order appointing the receiver based on the amount Roberts had paid as of July 12, 2019, toward the satisfaction of his judgment debt.

Roberts further asserts that his payment of approximately $107,000 fully satisfied his judgment debt, but he cites no evidence or other authority supporting this contention. The trial court has not ruled that the judgment debt is fully satisfied,

11

nor has it discharged the receiver. The letter Krezter as receiver sent to Roberts indicated that "the current balance of the judgment [as of April 5, 2019], with all interest, receivership fees, and expenses is $144,177.97," and it does not appear that Roberts has fully satisfied this amount. Because the trial court awarded the receiver fees in accordance with the terms set out in the unchallenged March 18, 2019 order appointing the receiver, we cannot conclude that the trial court abused its discretion. *See Hill*, 460 S.W.3d at 767 (holding that taxation of costs of receivership and manner of their collection is matter entirely within trial court's discretion).

Roberts further argues that Krezter failed to prove the reasonableness or necessity of his services and that he failed to establish the value of his services, and, thus, the trial court erred in denying Roberts's request to close the receivership estate and in rejecting his motion for the trial court to reconsider the amount of receiver's fees.

We review a trial court's award of receiver's fees for an abuse of discretion, considering all the material facts and circumstances. *Moyer v. Moyer*, 183 S.W.3d 48, 51 (Tex. App.—Austin 2005, no pet.); *U.S. v. Admiral Refining Co.*, 146 S.W.2d 830, 831 (Tex. App.—Texarkana 1940, no writ); *see also Bergeron*, 561 S.W.2d at 555 (receiver's fees should be sufficient to induce competent persons to serve as receiver, attorney, or accountant, but they should also "be moderate rather than generous"). A receiver's fee should be measured by the value of the services

12

rendered, and there must be evidence to establish the reasonableness of the fee. *Moyer*, 183 S.W.3d at 57–58. To determine the value of a receiver's services, courts consider (1) the nature, extent, and value of the administered estate; (2) the complexity and difficulty of the work; (3) the time spent; (4) the knowledge, experience, labor, and skill required of, or devoted by, the receiver; (5) the diligence and thoroughness displayed; and (6) the results accomplished. *Bergeron*, 561 S.W.2d at 554–55.

Roberts acknowledges on appeal that he is not challenging the March 18, 2019 order appointing Kretzer as receiver and determining that a fee comprised of 25% "of all gross proceeds that came into the receiver's possession" was "a fair, reasonable and necessary fee for the Receiver." The parties likewise acknowledged that the trial court held a hearing in July 2019 before it rendered its July 12 order, but Roberts has failed to bring forward a record of that hearing. Without a record demonstrating what evidence, if any, was presented to the trial court regarding the receiver's services, it is impossible for us to review the entirety of the evidence presented to the trial court or to apply the appropriate sufficiency standards. *See Sareen v. Sareen*, 350 S.W.3d 314, 317 (Tex. App.—San Antonio 2011, no pet.) (holding that court could not review sufficiency of evidence in absence of complete record or agreed statement of facts); *see also, e.g.*, *Huston v. United Parcel Serv., Inc.*, 434 S.W.3d 630, 636 (Tex. App.—Houston [1st Dist.] 2014, pet. denied)

(appellant bears burden to bring forward on appeal sufficient record to show error committed by trial court); *Willms v. Am. Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied) ("[W]hen an appellant fails to bring a reporter's record, an appellate court must presume the evidence presented was sufficient to support the trial court's order.").

The record as it stands before this Court demonstrates that Abraham Watkins obtained a judgment against Roberts on November 1, 2013. Roberts failed to pay this judgment despite having assets that could satisfy his obligation. More than five years after the final judgment was rendered, the trial court appointed a receiver who sought financial information; who, among other actions, seized Roberts's accounts; and who engaged with both the trial and appellate courts to fulfill the receiver's obligations in collecting payment of Abraham Watkins's final judgment. Although Roberts never complied with the trial court's March 18, 2019 order appointing the receiver and requiring him to turn over relevant financial information, he nevertheless paid approximately $107,000 to Abraham Watkins as a result of the receivership process. In light of these facts and Roberts's failure to provide a full record of the proceedings before the trial court, we cannot say that Roberts has shown that the trial court has abused its discretion in the amount of fees awarded to Kretzer. *See Moyer*, 183 S.W.3d at 57–58; *Bergeron*, 561 S.W.2d at 554–55.

Finally, Roberts argues that the trial court abused its discretion in finding in its March 18, 2019 order appointing the receiver that "[a]ll Receiver's fees will be taxed as costs against the Defendant [Roberts]" and by ordering, in its July 12 order, that Roberts pay the entirety of the receiver's fees that were then due and owing. Under Rule of Civil Procedure 131, "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." TEX. R. CIV. P. 131; *see Hill*, 460 S.W.3d at 767. Abraham Watkins, as the successful party to the litigation, was entitled to recovery of all costs, including the costs of receivership. *See* TEX. R. CIV. P. 131; *Hill*, 460 S.W.3d at 767. Although the trial court had the discretion to allocate these costs differently, *see* TEX. R. CIV. P. 141 (permitting court to adjudge costs "otherwise than as provided by law of these rules" for "good cause, to be stated on the record"), it did not do so, and Roberts cannot show that this was an abuse of discretion, *see Hill*, 460 S.W.3d at 767.

We overrule Roberts's sole issue.

## Conclusion

We affirm the July 12, 2019 order of the trial court.

Richard Hightower
Justice

Panel consists of Justices Keyes, Hightower, and Countiss.

15