## MAXWELL v. WILMINGTON DENTAL MANUF'G CO.

(Circuit Court, D. Delaware. July 21, 1897.)

No. 145.

1. RECEIVERS—ALLOWANCE OF COMPENSATION.
    The proper time for the final allowance of compensation to a receiver for services is at the close of the receivership; and until that time full compensation will not be made.

2. SAME.
    Where a receiver of an insolvent corporation is clothed with the duty of winding up its affairs with all convenient speed, partial or intermediate allowances of compensation for the receiver should be materially less than the worth of the services rendered by the receiver prior to the making of such allowances; and the final allowance, made at the close of the receivership, should be so adjusted that the receiver will have fair and just compensation for his services as a whole, notwithstanding the inadequacy of the partial or intermediate allowances considered by themselves.

J. H. Hoffecker, R. D. Maxwell, and A. H. Wintersteen, for receiver.
H. H. Ward and Andrew C. Gray, for creditors.
Benjamin Nields, for bondholders.
William S. Hilles, for stockholders.

BRADFORD, District Judge. In this case The Girard Life Insurance, Annuity & Trust Company of Philadelphia has by petition applied for an allowance to it of compensation for its services as receiver of The Wilmington Dental Manufacturing Company, and also for the services of counsel employed by it as such receiver. Counsel for the receiver have made to the court alternative suggestions touching the amount which should now be allowed to the receiver for its own compensation, as follows: First, that such compensation be fixed at the sum of $30,000, to cover all past and future services of the receiver; or, secondly, that, should the court deem it improper at this time to fix the total compensation of the receiver, the sum of $15,000 be allowed for or on account of its services heretofore rendered.

The first suggestion is clearly inadmissible. Assets of the dental company to a large amount, consisting of both real and personal property, will in all probability have to be converted into cash, and properly applied and distributed, before the termination of the receivership, and it is impossible at this stage of the proceedings to foresee with any degree of accuracy what questions or complications may arise in the case before it reaches its conclusion. Future contingencies and exigencies, and the character of the future administration of the receivership, cannot be determined now, yet, when realized, necessarily must enter into and largely control any fair and equitable adjustment of compensation. The proper time for the final allowance of compensation for the receiver obviously is at the close of the receivership. Unless the receivership be practically at an end, any such final allowance is premature. Under the circumstances of this case the court cannot, with any propriety, now fix the total compensation of the receiver for past and future services.

The alternative suggestion of an allowance to the receiver of $15,000 for or on account of services heretofore rendered has received very careful consideration by the court. The petitioner was by the decree of July 25, 1893, appointing it receiver, and by the order of this court made August 7, 1893, fully authorized and empowered to manage and operate the manufactories of the dental company, and to continue all the branches of its business, mercantile as well as manufacturing, until the further order of the court. But so long ago as June 6, 1896, the propriety of effecting a prompt and final settlement of the affairs of that company was clearly recognized by the court, for on that day an order was made that "The Girard Life Insurance, Annuity and Trust Company of Philadelphia, the receiver appointed by this court in the above cause, shall within ninety days from the date hereof wind up the business of the said The Wilmington Dental Manufacturing Company, and liquidate the claims of all the creditors of said company." While the New York, Washington, and Chicago branch houses of the dental company have been discontinued, and its assets there situated largely converted into cash, and the petitioner discharged from its ancillary receivership in those places, the affairs of the two principal houses in Delaware and Pennsylvania have not yet been closed. It is unnecessary at this time to discuss the various reasons why the property and business of the

company have not been completely wound up. It is sufficient to state that the court continues to regard an early settlement of the affairs and termination of the receivership of the dental company as imperatively required by the interests of its creditors and stockholders. It is the duty of the receiver to use all reasonable dispatch for the accomplishment of these objects. Reasonable dispatch is, under such circumstances, an integral part of any proper administration of the trust assumed by the receiver. Where a receiver of an insolvent corporation is clothed with the duty of winding up its affairs with all convenient speed, sound policy requires that partial or intermediate allowances of compensation for the receiver should be materially less than the worth of the services rendered by the receiver prior to the making of such allowances; and that the final allowance, made at the close of the receivership, should be so adjusted that the receiver will have fair and just compensation for his services as a whole, notwithstanding the inadequacy of the partial or intermediate allowances considered by themselves. Such a practice inures to the benefit of creditors and stockholders through its tendency to secure a reasonably prompt settlement of the affairs of the corporation, and a consequent curtailment of the expenses of the receivership. It is also calculated to insure the allowance to the receiver of such, and only such, compensation as shall be fair and just, as well to the creditors and stockholders as to the receiver. It may be that a receiver, after rendering valuable services in part performance of his duty, may be guilty of such laches or wrongdoing, to the prejudice of those interested in the estate under administration, as to forfeit in whole or in part the compensation which he would otherwise receive for those services. Upon the facts disclosed in the case, which it is unnecessary to recapitulate in this opinion, or at this time, and in view of the foregoing considerations, a present allowance of $10,000 to the petitioner on account of its services as receiver seems to the court reasonable and proper, and accordingly will be made. The final adjustment of compensation at the close of the receivership will afford ample opportunity for the allowance to the petitioner of any excess of value of its services heretofore rendered over the amount of compensation now allowed.

It appears from the evidence adduced in support of the petition, and from the statements of counsel at the hearing, that the only unadjusted compensation for the services of counsel for the receiver is such as may be due to J. H. Hoffecker, Jr., Esq., and Robert D. Maxwell, Esq., the two principal attorneys of the receiver; and it has been suggested on the part of the receiver that the sum of $10,000 be allowed at this time on account of their services heretofore rendered. Considerations of a nature kindred to those already discussed, affecting the quantum of partial or intermediate allowances to receivers for their own compensation, are applicable to such allowances for the services of counsel for the receiver. The court can perceive no reason why the affairs of the dental company should not be completely closed, final allowances made, and the receiver discharged, by a very early day. In the meantime an allowance of $7,000 to the petitioner by way of joint compensation for the above-named counsel

on account of their past services connected with the receivership, principal or ancillary, of that company, is all that would seem to be justified. Such an allowance will therefore be made, with the proviso, however, that any and all moneys heretofore received by the said two counsel, or either of them, from the receiver, on account of their or his compensation for services connected with or relating to the receivership, principal or ancillary, be credited upon such allowance, and that only the balance of the said sum of $7,000 so allowed, after deducting all such credits, be paid to the said two counsel.