## FERGUSON v. FERGUSON et al.
### No. 9707.

Court of Civil Appeals of Texas. Austin.
March 24, 1948.

Rehearing Denied April 14, 1948.

See also, Tex.Civ.App., 189 S.W.2d 880.

Alex M. Ferguson, in pro. per.

Clem C. Countess, of Belton, and T. R. Odell of Haskell, for appellees.

HUGHES, Justice.

This suit was originally filed by A. M. Ferguson and wife, Hallie H. Ferguson, for partition of 150 acres of land in Bell County, Texas, the community property of James E. Ferguson, who died intestate in 1876, and his wife, Fannie P. Ferguson, who died intestate in 1915. Hallie H. Ferguson died pending trial and A. M. Ferguson, as administrator of her estate, was made a party plaintiff.

A receiver for the properties was appointed in July 1934, which receivership continued until August 11, 1947, when it was finally closed by the order and judgment from which this appeal was taken.

All matters and issues involved in the original suit have been disposed of by final judgments of the trial court and this court. See Ferguson v. Ferguson, Tex.Civ.App., Austin, 181 S.W.2d 601, Writ Refused WM; Ferguson's Estate v. Ferguson, Tex.Civ.App., Austin, 189 S.W.2d 441, Writ Refused WM, and Ferguson v. Ferguson, Tex.Civ.App., Austin, 189 S.W.2d 442.

■ This appeal is by A. M. Ferguson as administrator of the estate of Kate F. Morton, deceased, and as administrator of the estate of Hallie H. Ferguson, deceased. It was adjudicated in the case cited first above that the estate of Kate F. Morton has no interest in this property and such estate is therefore not a proper party to this proceeding.

■ Appellant requested and was denied a jury. This was not error. Property in the hands of a receiver is in custody of the law; its management and control is that of the court. Intervention of a jury upon such issues as were before the court in this case would transfer such control and management from the court to the jury. This is not to be countenanced. McHenry v. Bankers Trust Co., Tex.Civ.App., Galveston, 206 S.W. 560, Writ Refused. See also Cocke v. Southland Life Ins. Co., Tex.Civ.App., El Paso, 75 S.W.2d 194, Writ Refused.

■ Appellant filed what is styled "Motions, exceptions and objections," to the final report of the receiver. This pleading is 278 pages long, and, upon motion of appellees, was stricken. Appellant is not an attorney and was not represented by counsel. Even if we concede that under such circumstances rules of pleading should be relaxed, we are still of the opinion that the trial court did not err in sustaining the motion to strike. The pleading is a further attempt to reopen matters which have been finally adjudicated; it is argumentative, and is far too general, vague and obscure to constitute a valid pleading or sufficiently specific objection to the report of the receiver, which was the only matter before the court.

■ Furthermore, we are of the opinion that the error, if any, in striking this pleading was harmless. Although appellant was without any pleading he participated fully in the trial; he was allowed to cross-examine witnesses and was permitted to offer in evidence all material testimony which pertained to any matter contained in the report of the receiver.

We have examined the receiver's report. It lists the rents and other monies received and carefully itemizes the disbursements, none of which are in the least unusual. In the main they were for bond premiums, taxes, abstracts, court costs, small fees to attorneys for drawing papers and preparing accounts, surveying and grubbing land.

The trial court allowed the receiver additional compensation in the sum of $175, and his attorney $350.

■ The receiver collected about $8,500, and spent about $1,500. The record shows and the trial court found that the receiver and his attorney had devoted much time and rendered special services to the estate. The fees allowed are not unreasonable.

Full and complete findings of fact have been filed by the trial judge. They are amply supported by the evidence and in turn support the judgment rendered below.

The judgment is affirmed.