**A. J. BERGERON, Independent Executor of the Estate of Robert L. Roberts, Deceased, Appellant,**

v.

**W. R. SESSIONS, Receiver of the Robert L. Roberts Receivership, Appellee.**

No. 19358.

Court of Civil Appeals of Texas, Dallas.

Dec. 30, 1977.

Rehearing Denied Feb. 2, 1978.

Paul J. Chitwood, John E. Gangstad, James J. Hartnett, Dallas, for appellant.

W. R. Sessions, Dallas, for appellee.

ROBERTSON, Justice.

A. J. Bergeron, independent executor of the estate of Robert L. Roberts, appeals from an award of $150,000 in fees to W. R. Sessions, receiver of the Robert L. Roberts receivership, and $75,000 in fees to his accountant. We previously held that the order was final for the purpose of this appeal, Tex.Civ.App., 554 S.W.2d 771, and we now hold that the trial court erred in making a final award of these fees prior to the final accounting of the receivership. Accordingly, we reverse and remand for further proceedings.

Robert L. Roberts disappeared in the summer of 1970, and approximately one year later, W. R. Sessions was appointed receiver to marshall the assets of the Roberts estate. Subsequently, a Dallas county probate court declared Roberts legally dead, and Bergeron qualified as independent executor of the estate. Early in 1977, the receiver moved the district court to terminate the receivership, to set a final fee for himself and his accountant, and to transfer the estate to the executor's control as independent executor. However, the court refused to terminate the receivership and, after a hearing, awarded final compensation to the receiver and his accountant for services rendered up to the hearing date, but left open the amount of compensation due after the hearing and at the final settlement of the receivership. The executor's plea to abate the hearing until after the receiver had filed his final accounting was overruled.

The primary question on this appeal is whether the trial court erred in making a final award of fees to the receiver and his accountant prior to a final accounting of the receivership. If we decide that the award was erroneous, we must then, for the benefit of the trial court upon remand, decide whether the court erred in denying Bergeron's request for a jury trial on the fee question.

### The Final Award of Partial Fees

■ The executor first argues that the trial court erred in allowing any full award of fees to the receiver and his accountant prior to a final accounting and discharge of the receiver. We agree. Prior to a final accounting and discharge of the receiver, only a partial advance toward a final fee can properly be made. *Maxwell v. Wilmington Dental Mfg. Co.*, 82 F. 214 (Cir.Ct. Del.1897); *See Merchant's Bank of St. Joseph v. Crysler*, 67 F. 388, 391 (8th Cir. 1895).

■ Several policy considerations support this rule. First, the allowance of only partial fees encourages a receiver to act diligently and promptly in obtaining an early termination of the receivership.[1] *See Maxwell v. Wilmington Dental Mfg. Co., supra* at 216. Second, since the receiver's final fee is measured by the value of his services, the results which are accomplished must be considered. *See Pink v. State*, 105 S.W.2d 265, 270 (Tex.Civ.App.—Austin 1937, aff'd); 133 Tex. 82, 124 S.W.2d 981 (1939). Until a final report and accounting has been filed, however, the trial court cannot accurately determine the results achieved by the receiver. Finally, the allowance of partial advances against a final fee will preclude further appeals similar to the present case. If the trial court does not purport to determine the total value of the receiver's fee up to a certain time, the order will be interlocutory and not appealable. *Cf. Bergeron v. Sessions*, 554 S.W.2d 771 (Tex.Civ.App.—Dallas 1977, no writ) (where order awarded final compensation to receiver and his accountant up to date of hearing, order was not interlocutory, but rather final and appealable). A reasonably prompt set-

---

1. Although we are aware of no standard practice in awarding partial fees, an acceptable procedure seems to be for the trial court to make an order contemporaneously with the appointment of a receiver which permits the receiver to retain from the estate a monthly advance. *See Merchant's Bank of St. Joseph v.* *Crysler, supra* at 391. To motivate prompt and diligent action by the receiver, the partial advances should be materially less than the value of the services rendered by the receiver prior to the allowance. *See Maxwell v. Wilmington Dental Mfg. Co., supra* at 216.

tlement is to the benefit of creditors and alternate beneficiaries, and appellate review of each intermediate award of final fees would unduly hinder the administration of the receivership. Since we conclude that the trial court erred in making this final award of partial compensation, we must reverse and remand the case for further proceedings in the trial court. We will address the remaining points of error by way of instructions upon remand.

### Jury Trial

▌ Prior to the hearing on the receiver's motion for fees, the executor paid a jury fee. At the hearing, he requested a jury, but the request was denied. He now argues that, upon remand, he should be afforded a jury trial on the issue of fees. We disagree. The right to trial by jury is not absolute, and special circumstances may justify its qualification. *See State v. Credit Bureau of Laredo, Inc.*, 530 S.W.2d 288, 293 (Tex.1975). Traditionally, it has been held that the right to trial by jury does not extend to receivership proceedings. *Moody v. State*, 538 S.W.2d 158, 161 (Tex.Civ.App. —Waco 1976, writ ref'd n. r. e.). *Ferguson v. Ferguson*, 210 S.W.2d 268, 269 (Tex.Civ.App. —Austin 1948, writ ref'd n. r. e.), cert denied, 339 U.S. 916, 70 S.Ct. 559, 94 L.Ed. 1341 (1949); *McHenry v. Bankers' Trust Company*, 206 S.W. 560, 572 (Tex.Civ.App.—Galveston 1918, writ ref'd). The rationale for this exception is that since receivership property is in custody of the law, its management and control is that of the court; jury intervention would impermissibly transfer control and management of the receivership from the court to the jury. *Ferguson v. Ferguson, supra* at 269.

Although the executor argues that jury determination of fees would not result in a transfer of control, it is apparent that submission of the fee issue to a jury would ultimately result in a transfer of management responsibility from the court to the jury. A receiver is not like other claimants against the receivership property; as an officer of the court, the receiver is subject to the court's supervision. His accountant is in a similar position. One of the most effective means of controlling the efficiency of court officers is by setting their compensation to reflect the diligence and value of their performance. To allow the jury to make this decision would result in direct jury participation in the management and control of the receivership. Under the authorities, this type of jury interposition is impermissible. Accordingly, we hold that the executor is not entitled to a jury trial on the issue of the final award of fees to the receiver and his accountant.

### Standards for Fee Determination

The executor next argues that the trial court applied erroneous legal standards in awarding the fees. We agree, and by way of instruction, will set forth the applicable standards for the trial court's application upon remand.

▌ The receiver in the present case served not only as receiver, but also as his own attorney. However, the record does not reflect any attempt by the trial court to separate work done by the receiver which necessitated legal skills and that which did not. We hold that this was erroneous. The receiver's compensation as receiver and attorney must be determined separately, for a receiver is not entitled to compensation at a legal rate for work which does not require legal skills. *See King v. Premo & Kings Inc.*, 258 N.C. 701, 129 S.E.2d 493 (1963); *Conover v. West Jersey Mtg. Co.*, 96 N.J.Eq. 441, 126 A. 855 (Ct. of Chancery 1924).

▌ A receiver's compensation is to be determined by the value of his services. *Pink v. State*, 105 S.W.2d 265, 270 (Tex.Civ. App.—Austin 1937, aff'd), 133 Tex. 82, 124 S.W.2d 981 (1939); *Taylor v. Taylor*, 91 S.W.2d 394, 398 (Tex.Civ.App.—Amarillo 1936, no writ); *See United States v. Admiral Refining Co.*, 146 S.W.2d 830, 831–832 (Tex.Civ.App.—Texarkana 1940, no writ). The controlling factors in ascertaining this value are:

(1) the nature, extent and value of the administered estate;

(2) the complexity and ·difficulty of the work;

(3) the time spent;

(4) the knowledge, experience, labor, and skill required of, or devoted by the receiver;

(5) the diligence and thoroughness displayed; and

(6) the results accomplished.

*Taylor v. Taylor, supra* at 397; *See Pink v. State, supra* at 271. The fact that the beneficiaries of the residue of a receivership estate bear no relationship to the deceased cannot be considered in determining the receiver's compensation. *Cf. In re Perry's Estate,* 168 Wash. 428, 12 P.2d 595, 598 (1932) (executor's fee).

 As attorney to the receiver, Session's compensation is also to be determined by the reasonable value of his services. This compensation should be set separately from that of the receiver, and is governed by the following factors set forth in the Code of Professional Responsibility:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) The likelihood, if apparent to the court, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) The fee customarily charged in the locality for similar legal services;

(4) The amount involved in the results obtained;

(5) The time limitations imposed by the circumstances;

(6) The experience, reputation, and ability of the lawyer or lawyers performing the services.

State Bar of Texas, Rules and Code of Professional Responsibility, DR 2–106 (1971); *See United States v. Admiral Refining Co., supra* at 832; *cf. Pink v. State, supra* at 270 and *Brand v. Denson,* 81 S.W.2d 111 (Tex.Civ.App.—Austin 1935, writ dism'd) (decided under former Canons of Ethics). Professional services of an accountant to a receiver should also be measured by these guidelines.

Finally, we note that in receivership proceedings, a court should cautiously avoid excessive or improper fee allowances. *Pink v. State, supra* at 270. Sufficient fees should be allowed to induce competent persons to serve as receiver, attorney or accountant; however, receiverships should also be administered as economically as possible, and fees for services performed by these court officers should be moderate rather than generous. *Lewis v. Gramil Corp.,* 94 So.2d 174, 177 (Fla.1957). The receiver argues persuasively that the affairs of the receivership have been handled diligently and competently and that he and his accountant have performed outstanding services which have been of great value to the estate. We emphasize that nothing in this opinion should be understood as indicating a contrary view, or that we have determined from the record that the fees allowed by the trial court were unreasonable.

Reversed and remanded with instructions.