## 22555

Ex parte Charles E. SIMONS, III, Receiver-Respondent. In re Robert LEN-
NON and Todd G. Cole, Appellants v. Allison WADE, Defendant.

(344 S. E. (2d) 151)

Supreme Court

*Charles E. Simons, III*, Aiken, *pro se.*

*Charles Porter* and *Elizabeth Van Doren Gray* of *McNair, Glenn, Konduros, Corley, Singletary, Porter & Dibble, P.A.,* Columbia, *for appellants.*

*John W. Harte, Jr.* of *Williams, Johnson, Buchanan & Harte*, Aiken, *for defendant.*

Heard April 21, 1986.

Decided May 19, 1986.

*Per Curiam:*

The sole issue in this appeal is the reasonableness of the compensation awarded to a court-appointed receiver.[1] The underlying action was for partition among three owners of real and personal property known as Joye Cottage in Aiken, South Carolina. The trial judge awarded the receiver compensation in the amount of $25,000.00 plus costs of $170.29. We affirm the cost award, but reverse the fee, and remand for a redetermination of the fee.

In his order, the trial judge based the award upon "... duly and carefully considering the proceedings and detailed testimony herein and, further, upon my knowledge of the complexities and difficult circumstances confronted by the Receiver ...". We hold this conclusion is insufficient to support the award.

Generally, the fixing of the compensation for a receiver is left to the sound discretion of the trial judge. *Turner v. Washington Realty*, 125 S. C. 109, 114 S. E. 30 (1923). However, the exercise of that discretion is not unbridled. *See* 75 C. J. S. *Receivers* § 389.

In *Bergeson v. Sessions*, 561 S. W. (2d) 551 (Tex. Civ. App. 1977), the Texas Court of Civil appeals set forth standards in fixing receiver compensation. Generally,

---

[1] Respondent, who performed a total of 93 hours of work, was the second receiver in this matter, substituted when the original receiver resigned.

the fee is based on the value of the receiver's services, which is determined by consideration of six factors:

(1) the nature, extent and value of the administered property;

(2) the complexity and difficulty of the work;

(3) the time spent;

(4) the knowledge, experience, labor and skill required of, or devoted by the receiver;

(5) the diligence and thoroughness displayed; and

(6) the results accomplished.

*Id.* at 554-55.

We agree with the criteria set forth in *Bergeron* and adopt them as the rule in this State; however, we also adopt two additional factors to be considered:

(7) the amount of money coming into the receiver's hands;[2] and

(8) the fair value of the services rendered measured by conservative, private business standards.

*See Feemster v. Schurkman*, 291 So. (2d) 622 (Fla. App. 1974); *Coskery v. Roberts & Mander Corp.*, 200 F. (2d) 150 (3rd Cir. 1952).

Accordingly, the cost award is affirmed. The fee award is reversed and the matter remanded for reconsideration consistent with this opinion.

Affirmed in part; reversed in part; and remanded.

---

[2] This seventh criteria may appear duplicative of the sixth; however, a subtle difference exists. It is conceivable that a receiver may achieve beneficial results other than simply assembling funds.