ACCEPTED
03-15-00128-CV
7209261
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/2/2015 2:24:20 PM
JEFFREY D. KYLE
CLERK

## CAUSE NUMBER 03-15-00128-CV

## IN THE COURT OF APPEALS

## FOR THE THIRD COURT OF APPEALS DISTRICT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/2/2015 2:24:20 PM
JEFFREY D. KYLE
Clerk

### TEDDE R. BLUNCK,

*Appellant,*

### V.

### CATHY A. BLUNCK,

*Appellee.*

## ON APPEAL FROM THE 22ND DISTRICT COURT, HAYS COUNTY, TEXAS

## TRIAL COURT CAUSE NO. 11-1217

## APPELLANT'S   REPLY BRIEF

**RESPECTFULLY SUBMITTED:**

**TEDDE R. BLUNCK, PRO SE**
**502 QUITMAN STREET**
**P O BOX 1152**
**PITTSBURG, TEXAS 75686**
**TELEPHONE:  (903) 855-8460**
**TELECOPIER:  (903) 855-8465**
**E-MAIL:  tblunck@yahoo.com**

i

## Identity of Parties and Counsel

**Appellant/Petitioner:**
Tedde R. Blunck
502 Quitman Street
P O Box 1152
Pittsburg, Texas 75686
Telephone: (903) 855-8460
Telecopier: (903) 855-8465
E-mail: tblunck@yahoo.com

**Petitioner/Appellant's Appellate Counsel:**
Tedde R. Blunck, Pro Se
502 Quitman Street
P O Box 1152
Pittsburg, Texas 75686
Telephone: (903) 855-8460
Telecopier: (903) 855-8465
E-mail: tblunck@yahoo.com

**Appellee/Respondent:**
Cathy A. Blunck
1433 Preston Road, Suite 1707
Dallas, Texas 75254
Mobile: (214) 668-9468
Telecopier: unknown
E-mail: cablunck@yahoo.com

**Respondent/Appellee's Appellate Counsel:**
Mr. Karl E. Hays
Law Office of Karl E. Hays, PLLC
2101 South Highway 35, Suite 210
Austin, Texas 78741
Telephone: (512) 476-1911
Telecopier: (512) 476-1904
service@haysfamilylaw.com

_____

Respectfully Submitted:

Tedde R. Blunck, Pro Se
502 Quitman Street
P O Box 1152
Pittsburg, Texas 75686
Telephone: (903) 855-8460
Telecopier: (903) 855-8465
E-mail: tblunck@yahoo.com

ii

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ii

TABLE OF CONTENTS iii

INDEX OF AUTHORITIES iv

ISSUES PRESENTED 1

STATEMENT OF FACTS 1

ARGUMENT AND AUTHORITIES 2

PRAYER 10

CERTIFICATE OF NUMBER OF WORDS IN BRIEF 11

CERTIFICATE OF SERVICE 11

APPENDIX 12

# INDEX OF AUTHORITIES

**CASES**                                                                 **PAGE(S)**

Bergeron v. Sessions,
561 S.W.2d 551 (Tex. Civ. App.--Dallas 1977, writ ref'd n.r.e.)     9

Freedom Commc'ns, Inc. v. Coronado,
372 S.W.3d 621 (Tex. 2012)     4

In re Shifflet,
462 S.W.3d 528 (Tex. App.—Houston [1st Dist.] 2015), no pet.)     5

In the Interest of E.W.,
2015 Tex. App. LEXIS 6588, (Tex. App.—Texarkana, 2015), no pet.)     5

Perez v. Williams,
2015 Tex. App. LEXIS 9059,
(Tex. App.—Houston [1st Dist.] 2015), no pet.)     4

Stephenson v. LeBoeuf,
2003 Tex. App. LEXIS 7967,
(Tex. App. -- Houston [14th Dist.] 2003, no pet.)     8

Williams Farms Produce Sales, Inc. v. R&G Produce Co.,
443 S.W.3d 250, (Tex. App.-Corpus Christi, no pet.)     7


**STATUTES**

Texas Civil Practice & Remedies Code § 31.002     3


**RULES**

Texas Rules of Appellate Procedure 38.1(g)     2

Texas Rules of Evidence 201(b)     4

Texas Rules of Evidence 902(1)(a)     5

CAUSE NUMBER 03-15-00128-CV

IN THE COURT OF APPEALS

FOR THE THIRD COURT OF APPEALS DISTRICT
AUSTIN, TEXAS

TEDDE R. BLUNCK,

*Appellant,*

V.

CATHY A. BLUNCK,

*Appellee.*

ON APPEAL FROM THE 22ND DISTRICT COURT, HAYS COUNTY,
TEXAS

TRIAL COURT CAUSE NO. 11-1217

APPELLANT'S REPLY BRIEF

REPLY BRIEF OF APPELLANT
_____

TO THE HONORABLE COURT OF APPEALS, FIFTH DISTRICT OF TEXAS:

Tedde R. Blunck files this Appellant reply brief which is filed as a supplement to Appellant's Brief and prays that the judgment of the District Court be reversed and that the turn-over order issued by the District Court be vacated.

0

## ISSUES PRESENTED

I.    Whether the District Court abused its discretion by entering an Order for turnover relief without any evidence in the record supporting the finding that Appellant had any non-exempt property that cannot be readily attached or levied on by ordinary legal process.

II.    Whether the District Court abused its discretion because the turnover relief ordered by the District Court is insufficiently specific regarding the property to be turned over and extends to exempt property and property of third parties.

III.    Whether the Court abused its discretion when it awarded the Receiver, who is an attorney, a fee of $300 per hour for all receiver services, his hourly rate as an attorney, without consideration of a lesser reasonable fee when performing non-attorney functions and when there is no evidence in the record to support that the fees are usual and customary or reasonable and necessary.

## STATEMENT OF FACTS

In Appellee's Statement of the Facts, Appellee argues that Appellant chooses to interject both argument and opinion in his recitation of the pertinent facts regarding the case. Appellee argues that her version of the Statement of the Facts should be the only facts considered by the Court. Appellee's Statement of

1

the Facts is quite limited and not in disagreement with the Appellant's Statement of the Facts. Appellant's Statement of the Facts is significantly more detailed. Appellee only disagrees in general and denies all of the Statement of the Facts provided by the Appellant. The Appellee does not point out to the Court any particular or specific facts cited by the Appellant that are incorrect or with which Appellee takes exception. Texas Rules of Appellate Procedure, Rule 38.1(g) states in pertinent part: "In a civil case, the court will accept as true the facts stated unless another party contradicts them." No facts provided by the Appellant were contradicted by the Appellee. The Appellee only generally denied all of the facts provided by the Appellant and asked the Court to substitute the Appellee's version of the facts, which are only a shortened version of the facts provided by the Appellant. Appellant requests of the Court accept as true all of the relevant facts provided by the Appellant, not just the abbreviated version of the facts provided by the Appellee.

## ARGUMENT AND AUTHORITIES

I.  THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT ENTERED AN ORDER FOR TURNOVER RELIEF WITHOUT ANY EVIDENCE IN THE RECORD SUPPORTING THE FINDING THAT APPELLANT HAD ANY NON-EXEMPT PROPERTY THAT CANNOT BE READILY ATTACHED OR LEVIED ON BY ORDINARY LEGAL

2

PROCESS.

The trial court must have some evidence to establish the necessary conditions for the application of Texas Civil Practice & Remedies Code § 31.002 exist.

Appellee argues that the evidence necessary to establish the basis for the District Court's order stems from the evidence obtained through judicial notice of the file and the Final Decree of Divorce signed by the District Court on 24 October 2012.

Court Record at Volume 2, page 15 states:

MR. HAYS: I'm asking the court to do two things. One, is first take judicial notice of the file and the decree of divorce.

THE COURT: The request is granted.

MR. HAYS: And that, in and of itself, reflects the property that was awarded to Ms. Blunck. And it is that property, various items of property that we're asking for the court to appoint a receiver to be able to recover.

Appellee states in her brief: "The Final Decree of Divorce reflects that Appellant was awarded, among other property, an interest in two timeshares, seven separate bank accounts, life insurance policies insuring Appellant's life as well as a life insurance policy insuring the life of a third party, travel and hotel award benefits, timber and mineral interests, loan proceeds from various loans, and a note receivable. All of these items constitute property that cannot readily be attached or

3

levied on by ordinary legal process." Appellee does not make this argument to the District Court. The Appellee provides no evidence to the District Court that any of the aforementioned items still exist in the possession of the Appellant at the time of the hearing, some three years after the rendition of the Divorce Decree. The Appellee has performed no post-judgment discovery in order to represent to the District Court that the items mentioned in the Divorce Decree still exist at the time of the hearing in the possession of the Appellant and are in a form that cannot readily be attached or levied on by ordinary legal process.

The Court in Perez v. Williams, 2015 Tex. App. LEXIS 9059 at 24 states: "To be the proper subject of judicial notice, an adjudicative fact must be "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Tex. R. Evid. 201(b); Freedom Commc'ns, Inc. v. Coronado, 372 S.W.3d 621, 623 (Tex. 2012)." Perez v. Williams, 2015 Tex. App. LEXIS 9059, (Tex. App.—Houston [1st Dist.] 2015), no pet.) The accuracy of whether any of the items mentioned in a three year old order currently existed at the time of the hearing is subject to question, without further proof of their existence. Additionally, the District Court took judicial notice of the entire file, including the Final Decree of Divorce. The entire file contains such things as pleadings, prior testimony, affidavits and the like that cannot be judicially noticed.

4

[W]hile the trial court can take judicial notice of the existence of certain documents in its records, it may not take judicial notice of the truth of factual statements and allegations contained in the pleadings, affidavits, or other documents in the file.  In the Interest of E.W., 2015 Tex. App. LEXIS 6588 at 18, (Tex. App.—Texarkana, 2015), no pet.)  "When evidence is the subject of improper judicial notice, it amounts to no evidence."  In re Shifflet, 462 S.W.3d 528, 539 (Tex. App.—Houston [1st Dist.] 2015), no pet.).

Appellee states in her brief the following:  "Contrary to Appellant's assertion, the trust document that Appellee offered into evidence at the hearing on her request for turnover relief (Movant's Ex. 1) was a certified copy of "The Tedde R. Blunck Living Trust" and therefore was self-authenticating under Rule 902(1)(A) of the Texas Rules of Evidence."  It should be noted that in Schedule A of the Trust Document submitted to the Court, pages 27 and 28 of 32 are missing. The County Clerk would not certify an incomplete document.   Even though the original of the referenced document was recorded, it had been modified in the form of the document provided by the Appellee to the District Court as Exhibit 1, which was never recorded and therefore could not have been certified.  The fact that this document was never recorded is evidenced by an Affidavit of the Camp County Clerk, attached hereto as Exhibit No. 1.  Appellee's assertions to the District Court and to this Court that the document known as Movant's Exhibit No. 1, The Tedde

5

R. Blunck Living Trust, was certified by the County Clerk amounts to nothing less than fraud, for which the Appellee should be appropriately sanctioned.

Volume 2, Page 19 of the Court Record, states in pertinent part: "Your Honor, I have one additional thing that I wanted to provide to the court. I have marked as Movant's 2 -- Mr. Breeden already mentioned this and the court knows it. Mr. Blunck declared bankruptcy. And as the court knows, you specifically asked the bankruptcy court for permission to be able to go against Mr. Blunck, and the bankruptcy court has granted you that permission.

They have also -- these particular debts are outside of the bankruptcy. There's a court order that says specifically we can collect these. He's in a Chapter 13 plan. These reason why I'm presenting -- these are the schedules that Mr. Blunck submitted. And in those schedules Mr. Blunck represented to the bankruptcy court that he had exempt property, in addition to what we showed you with the trust and the contract rights that can be executed pursuant to the turnover order.

There is [sic] also **exempt** properties in terms that there's a number of firearms that he lists in here as being **exempt** property. [emphasis added] There's equity interest in properties. And I would tender that to the court and move for its admission because it's a representation by him that he had over $200,000 of

6

nonexempt property that he is still in possession of, that [sic] we want.  Because if it's over $200,000, it will go a long way toward settling this judgment of 242,000."

The Appellant contends that the documents of the Bankruptcy Court were not properly authenticated.  Appellee contends that the document, even though not certified as an exact copy by the Bankruptcy Court is self-authenticating relying on Williams Farms Produce Sales, Inc. v. R&G Produce Co., 443 S.W.3d 250, (Tex. App.-Corpus Christi, no pet.).  Williams held that documents printed from government websites are self-authenticating.  Id. at 259.  Also see Williams at Footnote 7, Id. at 259.  A close review of the schedules submitted to the District Court as Movant's Exhibit 2 will show that there is no indication whatsoever that they were printed from a government website.  There is no internet domain address and there is no date of printing.  The schedules submitted to the District Court clearly were not printed from the Bankruptcy Court website.  In fact, Appellee does not even argue that the schedules were printed from the Bankruptcy Court website.  Additionally, there was no evidence, testimony or argument of counsel alleging that the schedules were printed from the Bankruptcy Court website.

However, even if self-authenticated as argued by Appellee, the evidence of exempt property is not grounds for awarding a turnover order against Appellant.  Additionally, the schedules in Bankruptcy court were filed over two years ago.  Appellee asserts to the District Court that because of the schedules, there is over

7

$200,000 in nonexempt property that is still in the Appellant's possession. The creditor must show the trial court that: "(1) the debtor owns the property, (2) the property cannot be readily attached, and (3) the property is not exempt." Stephenson v. LeBoeuf, 2003 Tex. App. LEXIS 7967, 2003 WL 22097781 at *2 (Tex. App. -- Houston [14th Dist.] 2003, no pet.). There is no evidence to prove that there is any nonexempt property in the possession of the Appellant at the time of the hearing. The evidence purportedly submitted to the District Court as Movant's Exhibit No. 1, The Tedde R. Blunck Living Trust, Schedule A, shows to the contrary, as it includes all of the property listed on the Bankruptcy schedules as non-exempt, making all such property exempt. This is a fact of which Appellee is fully aware. The Court Record, Volume 2, Page 11 states as follows: MR. HAYS: "I'm moving for the admission of Movant's 1, which is the Living Trust in which Mr. Blunck transferred **all** of his property." (emphasis added)

III.  THE DISTRICT COURT ABUSED ITS DISCRETION WHEN IT AWARDED THE RECEIVER, WHO IS AN ATTORNEY, A FEE OF $300 PER HOUR FOR ALL RECEIVER SERVICES, HIS HOURLY RATE AS AN ATTORNEY, WITHOUT CONSIDERATION OF A LESSER REASONABLE FEE WHEN PERFORMING NON-ATTORNEY FUNCTIONS AND WHEN THERE IS NO EVIDENCE IN THE RECORD TO SUPPORT THAT THE FEES ARE USUAL AND CUSTOMARY OR

8

REASONABLE AND NECESSARY.

Appellee argues that the District Court only established the hourly rate of the Receiver, and did not set the Receiver's fee. To establish the Receiver's fee under the turnover order, is purely a mathematical computation which takes the numbers of hours of the Receiver's service times the hourly rate set by the Court. None of the factors required to be considered by the Court were considered in establishing the hourly rate.

The value of a receiver's services determines the appropriate amount of compensation. Bergeron v. Sessions, 561 S.W.2d 551, 554 (Tex. Civ. App.--Dallas 1977, writ ref'd n.r.e.). To determine the value of a receiver's services, courts consider the following factors:

(1) the nature, extent and value of the administered estate;

(2) the complexity and difficulty of the work;

(3) the time spent;

(4) the knowledge, experience, labor and skill required of, or devoted by the receiver;

(5) the diligence and thoroughness displayed; and

(6) the results accomplished.

The District Court abused its discretion when it found that the Receiver's fees requested were usual and customary. In fact in the words of the Court, it was

9

not even convinced, based on the argument of counsel, that the fee requested was reasonable, see Court Record, Volume 2, Page 25: "[T] the amount of $300 per hour is approved as being probably under the fair market value of what receivers are paid in these types of matters." There was no evidence presented to the Court and the Court performed no analysis to come to the conclusion espoused. The District Court clearly abused its discretion in setting the Receiver's hourly rate at $300.

## PRAYER

Appellant Tedde R. Blunck respectfully prays that the Judgment of the District Court granting the Turnover Order be reversed and the Turnover Order be vacated in all respects.

## CERTIFICATE OF THE NUMBER OF WORDS CONTAINED IN BRIEF

I hereby certify in accordance with Texas Rules of Appellate Procedure 9.4(i)(3) that the Appellant's brief contains 2,850 words.

_____

Tedde R. Blunck

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above Appellant's Brief was served on Karl Hays, 2101 South Highway 35, Suite 210 Austin, Texas 78741, attorney for Appellee Cathy A. Blunck in accordance with the Texas Rules of Appellant Civil Procedure on October 2, 2015.

_____

Tedde R. Blunck

**CAUSE NUMBER 03-13-00074-CV**

**IN THE COURT OF APPEALS**

**FOR THE THIRD COURT OF APPEALS DISTRICT
AUSTIN, TEXAS**

---

**TEDDE R. BLUNCK,**

*Appellant,*

**V.**

**CATHY A. BLUNCK,**

*Appellee.*

---

**ON APPEAL FROM THE 22ND DISTRICT COURT, HAYS COUNTY,
TEXAS**

**TRIAL COURT CAUSE NO. 11-1217**

---

**APPENDIX -EXHIBITS TO APPELLANT'S REPLY BRIEF**

---

**RESPECTFULLY SUBMITTED:**

**TEDDE R. BLUNCK, PRO SE
502 QUITMAN STREET
P O BOX 1152
PITTSBURG, TEXAS 75686
TELEPHONE:  (903) 855-8460
TELECOPIER:  (903) 855-8465
EMAIL:  tblunck@yahoo.com**

12

# TABLE OF CONTENTS

Exhibit No. 1 _____ 1

CAUSE NUMBER 03-15-00128-CV

IN THE COURT OF APPEALS

FOR THE THIRD COURT OF APPEALS DISTRICT
AUSTIN, TEXAS

TEDDE R. BLUNCK,

*Appellant,*

V.

CATHY A. BLUNCK,

*Appellee.*

ON APPEAL FROM THE 22ND DISTRICT COURT, HAYS COUNTY, TEXAS

TRIAL COURT CAUSE NO. 11-1217

EXHIBIT NO. 1 TO APPELLANT'S REPLY BRIEF

AFFIDAVIT OF ELAINE YOUNG
COUNTY CLERK, CAMP COUNTY, TEXAS

## EXHIBIT NO. 1

## AFFIDAVIT OF ELAINE YOUNG

STATE OF TEXAS       §
                              §

COUNTY OF CAMP     §

BEFORE ME, the undersigned authority, appeared Elaine Young, who after being by me duly sworn, stated the following under oath:

"My name is Elaine Young.

"I am over eighteen years of age.

"I am competent to make this affidavit.

"The statements of fact set forth herein are true and correct, and are within my personal knowledge.

"I am the County Clerk of Camp County, Texas.

"I have examined the document referred to as Respondent's/Movant's Exhibit No. 1, February 9, 2015, The Tedde R. Blunck Living Trust in Reporter's Record, Volume 3, Cause No. 11-1217, styled In The Matter Of The Marriage Of Tedde R. Blunck and Cathy A. Blunck, in the District Court, 428th Judicial District, Hays County, prepared by Diana Vargas, Deputy Official Court Reporter.

"The document appears on its face to have been recorded in the Office of the County Clerk, Camp County, Texas as Document No. 41,691 in Volume 334, Page 601 on the 27th day of December, 2012.

"I have compared the actual document recorded as Document No. 41,691 at Volume 334, Page 601 with the Respondent's/Movant's Exhibit No. 1.

"The Respondent's/Movant's Exhibit No. 1 is a document that has been modified from the document recorded as Document No. 41,691 at Volume 334, Page 601.

"I have researched the records of the Camp County Clerk, Camp County, Texas and have been unable to locate the document entitled Respondent's/Movant's Exhibit No. 1, which is a modified version of Document No. 41,691 recorded at Volume 334, Page 601.

"To the best of my knowledge and belief, the document entitled Respondent's/Movant's Exhibit No. 1 was never recorded in the public records of Camp County, Texas."

Further affiant sayeth not.

_____
Elaine Young

| STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMP | § |

**SUBSCRIBED AND SWORN TO BEFORE ME** on September 30, 2015 by Elaine Young.

[SEAL]

PAULETTE MARIE BLUNCK
Notary Public, State of Texas
My Commission Expires
September 13, 2016

_____
Notary Public, State of Texas

---

Affidavit of Elaine Young