

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00261-CV

_____

ALLSTATE COUNTY MUTUAL INSURANCE COMPANY, Appellant

V.

CHRISTINE HILL, Appellee

On Appeal from the 352nd District Court
Tarrant County, Texas
Trial Court No. 352-291883-17

Before Birdwell, Bassel, and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

After Appellee Christine Hill obtained a judgment against Appellant Allstate County Mutual Insurance Company (Allstate), she applied for and obtained a turnover order and the appointment of a receiver to satisfy that judgment. On appeal, Allstate asserts that the trial court abused its discretion by appointing the receiver ex parte pursuant to the turnover order and by awarding a receivership fee of $15,000. We will affirm, because Allstate's appeal of the turnover order and the appointment of the receiver were untimely, and because the trial court did not abuse its discretion in awarding the receiver's fees.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Following a motor vehicle accident, Hill sued Allstate to recover under her uninsured/underinsured motorist (UIM) policy. After a jury trial, the trial court signed its final judgment on March 24, 2020. The judgment awarded Hill $30,000 in UIM benefits; court costs; $42,668.75 in attorney's fees; and post-judgment interest. Allstate appealed the award of attorney's fees. We affirmed the judgment, *see Allstate Cnty. Mut. Ins. Co. v. Hill*, No. 02-20-00174-CV, 2021 WL 2978746, at *3 (Tex. App.—Fort Worth July 15, 2021, no pet.) (mem. op.) (*Allstate I*), and mandate issued on October 8, 2021.[1]

---

[1]Allstate's counsel alleged that she was not notified of the *Allstate I* mandate until the receiver emailed her on December 17; however, the clerk of this court delivered it via email to each parties' counsel on October 8, 2021. Further, Allstate's

2

On November 19, 2021, Hill filed her Application for Ex Parte Turnover Relief and Appointment of Receiver, alleging that she had yet to receive payment from Allstate to satisfy the judgment. In support of her application, Hill offered the affidavit of Caleb Moore, the proposed receiver, in which he attested that he had performed a post-judgment asset investigation and described Allstate's nonexempt property. On December 16, 2021, the trial court signed its Order Requiring Turnover and Appointing Receiver[2], which appointed Moore as the receiver.

That same day, Moore emailed Allstate's counsel informing her of his appointment and his intention to collect the judgment. In response to this email, Allstate alleged that it had sent Hill's counsel a $30,000 check on March 27, 2020, which it claimed was an attempt to pay the policy-benefits portion of the final judgment. According to Allstate, this check expired without being cashed, so it sent a replacement check on April 16, 2021.[3] Ultimately, on January 4, 2022—less than a

counsel conceded that she was aware of our July 15, 2021 opinion in *Allstate I* before mandate issued.

[2]Specifically, the trial court ordered Allstate and third-parties in possession of Allstate property "to immediately turnover" all relevant documents and property to Moore and enjoined Allstate from transferring, encumbering, or concealing its non-exempt property.

[3]Though there is some indication in the record that these checks were written or printed by Allstate, it is unclear if either check was actually sent to Hill or her counsel. Hill and her counsel denied ever receiving these checks or being notified that they had been sent.

month after the trial court's order for turnover and appointment of receiver—Allstate paid Hill the full amount of the judgment, $109,382.02.

On April 13, 2022, Moore filed his receiver's report and fee application stating that the full judgment amount had been collected from Allstate, and he requested a receiver's fee of $27,345—25% of the collected amount.

On April 14, 2022, the trial court approved Moore's report and awarded him the requested 25% fee. That same day, Allstate sent a letter to the trial court stating that it would be filing an objection to Moore's appointment and the fee award.[4] In response to this letter, the trial court vacated its April 14 fee award and set a hearing on Moore's report and fee application for May 26. At the hearing, the trial court heard evidence by way of Moore's affidavit, in which he attested that:

- He had extensive experience as a receiver;

- It was customary for a receiver to be awarded 25% of the judgment as a reasonable fee for his services;

- At the time of his appointment, Allstate had not paid the underlying judgment;

- He had performed fourteen hours of work as receiver in this case;

---

[4]This letter is the first record evidence showing any intention on Allstate's part to formally object to the order for turnover and appointing Moore as receiver, despite Allstate's acknowledgment that it had received notice of the order soon after it was entered on December 16. Still, Allstate did not file its objection to Moore's appointment until the night of May 25—more than five months after his appointment and less than fifteen hours in advance of the hearing to approve Moore's final report and fees.

4

- All of this work was done while he was on vacation and during the holiday season and consisted of numerous communications and negotiations with the parties, reviewing documents, and filing his oath and bond;

- He obtained full payment of the $109,382 judgment—that had gone unpaid for nearly two years—in nineteen days, which he characterized as "an extraordinary result," given that it typically takes at least thirty days for insurance companies to pay judgments to him as a receiver and that it occurred during the holidays.

Allstate proffered no evidence at the hearing.

After the hearing, the trial court entered its Order Approving Receiver's Fee in which it again approved Moore's report but awarded him a reduced fee of $15,000. In this order, the trial court found that "25% of the amount collected" was the usual and customary fee paid to post-judgment receivers in Tarrant County. But, considering the evidence in light of the *Bergeron* factors, it found that the reduced fee was reasonable. *See Bergeron v. Session*, 561 S.W.2d 551, 554 (Tex. App.—Dallas 1977, writ ref'd n.r.e.).

Allstate filed its notice of appeal on July 7, 2022, seeking to appeal both the Order Requiring Turnover and Appointing Receiver and the Order Approving Receiver's Fee.

## II. STANDARD OF REVIEW

We review the trial court's ruling of a turnover order, an order appointing a receiver, and an order approving a receiver's fee for abuse of discretion. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *Wells v. Poindexter*, No. 14-13-00982-CV, 2014 WL 4202527, at *3 (Tex. App.—Houston [14th Dist.] Aug. 26, 2014,

pet. denied) (mem. op.) (citing *Beaumont Bank*, 806 S.W.2d at 226); *Moyer v. Moyer*, 183 S.W.3d 48, 51 (Tex. App.—Austin 2005, no pet.). A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

## III. DISCUSSION

On appeal, Allstate raises two issues: whether the trial court abused its discretion by (1) entering its Order Requiring Turnover and Appointing Receiver and (2) awarding a receivership fee of $15,000.

### A. ORDER REQUIRING TURNOVER AND APPOINTING RECEIVER

Allstate first argues that the trial court abused its discretion by entering the Order Requiring Turnover and Appointing Receiver on December 16, 2021. Allstate's main contention is that no grounds or evidence existed to support the turnover order or to necessitate the appointment of a receiver. But we must dismiss Allstate's appeal as it relates to this order because it was not timely filed.

A turnover order that serves as a mandatory injunction is a final, appealable judgment. *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, 540 S.W.3d 577, 586–87 (Tex. 2018); *Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 909 S.W.2d 505, 506 (Tex. 1995) (per curiam). This is true even when the turnover order also appoints a receiver. *Abira Med. Lab'ys, LLC v. St. Jude Med. SC, Inc.*, No. 14-17-00849-CV, 2018 WL 3911084, at *1 (Tex. App.—Houston [14th Dist.] Aug. 16,

6

2018, no pet.) (mem. op.); *see Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 386–87 (Tex. App.—Austin 2010, pet. denied) (holding that the appellant failed to timely appeal from the final turnover order, which also appointed a receiver); *see also Wilkins v. State Farm Mut. Auto. Ins.*, 58 S.W.3d 176, 179–80 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (holding that a motion for new trial filed more than twenty days after the trial court signed a turnover order that also appointed a receiver extended appellate deadlines because the order was final, not interlocutory). Notices of appeal from final judgments "must be filed within 30 days after the judgment is signed." Tex. R. App. P. 26.1. The time for filing a notice of appeal is jurisdictional in the appellate courts and we must dismiss the appeal absent a timely-filed notice of appeal. *In re K.L.V.*, 109 S.W. 3d 61, 67 (Tex. App.—Fort Worth 2003, pet. denied) (citing *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

The turnover order here was a final, appealable order because it served as a mandatory injunction by requiring Allstate and third parties to turnover relevant assets and enjoined Allstate from transferring, encumbering, or concealing non-exempt property. *See Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas*, 810 S.W.2d 738, 739–40 (Tex. 1991) (holding that a turnover order was a mandatory injunction and, therefore, final and appealable where it ordered, among other things, the judgment debtor to turnover paychecks to the receiver), *abrogated on other grounds by In re Sheshtawy*, 154 S.W.3d 114, 124–25 (Tex. 2004). The trial court signed the order on December 16, 2021. But Allstate did not file its notice of appeal of this order until

7

July 7, 2022. Given that more than 200 days passed between the signing of the turnover order and the filing of Allstate's notice of appeal, it was untimely, and we do not have jurisdiction to consider it. *See Burns*, 909 S.W.2d at 506.

For these reasons, we dismiss Allstate's appeal so far as it pertains to the trial court's Order Requiring Turnover and Appointing Receiver.

## B. ORDER APPROVING RECEIVER'S FEE

Allstate next contends that the trial court abused its discretion by awarding $15,000 in receivership fees because the receiver "sought a windfall rather than a reasonable fee." According to Allstate, Moore's fee was not reasonable because he only sent "a couple of emails" and Allstate's payment of the judgment was spurred not by these emails but rather Allstate learning of the issuance of mandate in *Allstate I*. We hold that the trial court did not abuse its discretion in awarding the receivership fees.

The turnover statute provides a trial court with the discretion to "appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor." Tex. Civ. Prac. & Rem. Code Ann. § 31.002(b)(3). "The judgment creditor is entitled to recover reasonable costs." *Id.* § 31.002(e). "A receiver's fees are considered court costs, and thus a trial court may award reasonable receiver's fees." *Vaccaro v. Raymond James & Assocs.*, 655 S.W.3d 485, 490 (Tex. App.—Fort Worth 2022, no pet.). Whether a receiver's fee is reasonable is

8

determined by the value of his services. *Bergeron*, 561 S.W.2d at 554. We consider six factors in determining this value:

> (1) the nature, extent and value of the administered estate; (2) the complexity and difficulty of the work; (3) the time spent; (4) the knowledge, experience, labor, and skill required of, or devoted by the receiver; (5) the diligence and thoroughness displayed; and (6) the results accomplished.

*Id.* at 554–55.

Here, the value of the judgment was $109,382.02, and the only evidence before the trial court was that this amount remained unpaid for approximately twenty months before Moore was appointed receiver. This included two months of nonpayment even after mandate issued from our judgment affirming the award of attorney's fees in *Allstate I*. Moore attested that he was an experienced receiver who performed fourteen hours of work on this case, most of which occurred while he was on vacation during the holidays. This work consisted mainly of communications with the parties but also included document review and the filing of his oath and bond. And Moore's work resulted in the expeditious and full payment of the judgment within three weeks of his appointment.

Additionally, even though the trial court initially awarded Moore a fee of 25% of the judgment ($27,345), it withdrew this award upon Allstate's objection. After the hearing, the trial court reduced the award to $15,000 (or about 14% of the judgment)—despite finding that 25% was the customary receivership fee in Tarrant County. *See Evans v. Frost Nat'l Bank*, No. 05-12-01491-CV, 2015 WL 4736543, at *5

9

(Tex. App.—Dallas Aug. 11, 2015, no pet.) (mem. op.) (affirming award of receiver's fee on the basis that the trial court determined the reasonable fee after holding an evidentiary hearing).

Taking this evidence and record together, we cannot conclude that the trial court acted unreasonably or arbitrarily in awarding $15,000 in receiver's fees to Moore. *See Low*, 221 S.W.3d at 614.

## IV. CONCLUSION

Accordingly, we dismiss Allstate's appeal as to the trial court's Order Requiring Turnover and Appointing Receiver and affirm the trial court's Order Approving Receiver's Fees.

/s/ Brian Walker

Brian Walker
Justice

Delivered: April 27, 2023